OPINION
On November 24, 1999, the Stark County Grand Jury indicted appellant, Alfred Givens, on one count of murder with a firearm specification in violation of R.C. 2903.02 and R.C. 2941.145. Said charge arose from the shooting death of Donald Smith on October 30, 1999. A jury trial commenced on April 3, 2000. The jury found appellant guilty as charged. By judgment entry filed April 13, 2000, the trial court sentenced appellant to an indefinite term of fifteen years to life plus three years mandatory on the firearm specification. Appellant filed an appeal and this matter is now before the court for consideration. Assignments of error are as follows:
 I. THE TRIAL COURT ERRED WHEN IT EMPANELED AN ANONYMOUS JURY IN THE ABSENCE OF ANY EVIDENCE OR FINDINGS THAT AN ANONYMOUS JURY WAS NECESSARY IN THIS CASE, THEREBY COMMITTING STRUCTURAL ERROR IN VIOLATION OF APPELLANTS DUE PROCESS RIGHTS UNDER THE UNITED STATES CONSTITUTION, INCLUDING HIS RIGHT TO A FAIR TRIAL AND IMPARTIAL JURY.
 II. THE TRIAL COURT ERRED IN FAILING TO INSTRUCT THE JURY ON INVOLUNTARY MANSLAUGHTER THEREBY DENYING APPELLANT HIS CONSTITUTIONAL RIGHT TO DUE PROCESS UNDER THE UNITED STATES AND OHIO CONSTITUTION.
 III. THE TRIAL COURT COMMITTED PLAIN ERROR BY GIVING AN ERRONEOUS AND MISLEADING INSTRUCTION ON THE CULPABLE MENTAL STATE OF PURPOSELY AND THEREBY DEPRIVED APPELLANT OF HIS RIGHT TO DUE PROCESS OF LAW.
 I
Appellant claims the trial court erred in empaneling an anonymous jury. We disagree. In support of his argument, appellant cites the case of State v. Hill (2000), 136 Ohio App.3d 636, wherein this court held the use of the anonymous jury system constituted structural error. In Hill, the record clearly demonstrated that no one in the courtroom knew the names or addresses of the jurors. The trial court had adopted a local rule to that effect. The jury verdict had the names whited-out. In the case sub judice, the record does not establish that the jury was anonymous. The only indication is that the trial court required the jurors to be referred to by number only. The names on the verdict form filed April 6, 2000 are not whited-out. Appellant's counsel conceded at oral argument that the attorneys were given the juror questionnaires with the jurors names and addresses. Upon review, we find the record does not demonstrate that there was an anonymous jury. Assignment of Error I is denied.
 II
Appellant claims the trial court erred in not instructing the jury on the lesser included offense of involuntary manslaughter. We disagree. The trial court has discretionary authority in its duty to instruct on the law as it pertains to the case. State v. Nelson (1973), 36 Ohio St.2d 79. In order to find an abuse of that discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217 . The test as to whether or not to charge on a lesser included offense was set forth in State v. Thomas (1988),40 Ohio St.3d 213, paragraph two of the syllabus: Even though an offense may be statutorily defined as a lesser included offense of another, a charge on such lesser included offense is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense. (State v. Kidder [1987], 32 Ohio St.3d 279, 513 N.E.2d 311; State v. Davis [1983], 6 Ohio St.3d 91, 6 OBR 131, 451 N.E.2d 772; State v. Wilkins [1980], 64 Ohio St.2d 382, 18 O.O.3d 528, 415 N.E.2d 303, clarified.)
Appellant was indicted for murder in violation of R.C. 2903.02 which states "[n]o person shall purposely cause the death of another or the unlawful termination of another's pregnancy." Appellant argues there was sufficient evidence in the record to establish the lesser included offense of involuntary manslaughter which states "[n]o person shall cause the death of another or the unlawful termination of another's pregnancy as a proximate result of the offender's committing or attempting to commit a misdemeanor of any degree * * *." R.C. 2903.04(B). Appellant argues there was sufficient evidence of his lack of "purpose" to require the trial court to instruct on involuntary manslaughter. Appellant argues his statement made to police was sufficient to warrant the instruction:
BARONI: Tell, tell us what happens when you come, meet this man.
 GIVENS: Okay. When I coming through the alley he coming from Shorb, on Troy, coming towards me while I'm going across the alley. And he uh, when I'm going by he said something. I told him be cool and then he's going across the street saying something else. And then I kind of blanked out then I remember shooting him and then he uh, he didn't, he didn't bend over or nothing. He just, you know what I'm saying, he kind of went like, he just kind of went like, he just kind of reached like this.
BARONI: He put his uh left arm like underneath his right arm?
GIVENS: Yeah.
 BARONI: Like he might of been going for something? Is that what you're saying?
 GIVENS: Yeah, yeah either that or I thought like ah he's shot but then . . .
BARONI: So you think you could have hit him?
 GIVENS: Right but I didn't, you know what I'm saying. But then I don't think I hit him because he, he started, he wasn't trying to charge me or nothing but he was in, you know what I'm saying, kind of walking, not towards me cause I'm over across the street and he started coming that way and I just started, I started running up the hill.
BARONI: Running toward him?
 GIVENS: No up the hill. He was coming this way and I was running up the hill and as I was running up the hill I was just shooting and I just kept on going.
See, Appellant's Statement to Police attached to the State's Response to Request for Discovery filed December 28, 1999.
We note appellant did not testify at trial. This statement was not given under oath nor was it subject to cross-examination. By its tenor it is exculpatory. We fail to find what misdemeanor would have been appropriate as the predicate offense to involuntary manslaughter. Appellant argues the misdemeanor offense could be menacing or discharge of a firearm in a city. The clear meaning of appellant's own statement belies the issue of menacing and argumentatively, any murder in a city involving a shooting requires the discharge of a firearm in the city. The victim was hit twice, once in the upper part of the body and left upper arm and once in the left lower back. T. at 294, 303. The first bullet entered from the front and the second bullet entered from the back. T. at 298, 303. Appellant's version (albeit self-serving) does not give a reason for the shooting or how the shooting happened. Appellant stated that he "kind of blanked out then I remember shooting him." At best this evidence could rise to the level of accident, but clearly appellant admitted to shooting at the victim. The majority of the testimony was from two independent witnesses. Brian Wheeler testified he observed the victim being chased by a person of appellant's description. T. at 48. The two individuals stopped and one pulled out a gun and shot the other and took off running. T. at 50, 56. Mr. Wheeler identified appellant as the shooter. T. at 58, 60-61. Linda Finzer observed appellant and the victim, heard shots and saw appellant standing over the victim. T. at 87, 91, 93-94. This direct testimony clearly negated any inference raised by appellant's exculpatory statement. Upon review, we find the trial court did not err in not instructing the jury on the lesser included offense of involuntary manslaughter. Assignment of Error II is denied.
 III
Appellant claims the trial court gave erroneous and misleading instructions on the definition of purpose. We disagree. We note there was no objection to the jury charge. Crim.R. 30(A) governs instructions and states "[o]n appeal, a party may not assign as error the giving or the failure to give any instruction unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection." Because no objection was made, this issue must be reviewed under the plain error doctrine. Crim.R. 52(B). The following instruction was given by the trial court: A person acts purposely when it is his specific intention to cause a certain result. It must be established in this case that at the time in question there was present in the mind of this Defendant a specific intention to cause the death of Donald Smith.
When the central idea of the offense is a prohibition against conduct of a certain nature, a person acts purposely if his specific intention was to engage in conduct of that nature regardless of what he may have intended to accomplish by his conduct. Purpose is a decision of the mind to do an act with a conscious objective of producing a specific result. To do an act purposely is to do it intentionally and not accidentally.
Purpose and intent mean the same thing. The purpose with which a person does an act is known only to himself unless he expresses it to others or indicates it by his conduct. The purpose with which a person does an act is determined from the manner in which it is done, the weapon used and all the other facts and circumstances in evidence. T. at 427-428.
It appears to be appellant's position that the trial court should have given only one definition as opposed to two. The instruction cited is a paraphrase of R.C. 2901.22(A). There was no jury question on purpose and the trial court provided written instructions to the jury. The trial court chose to give both definitions as required by statute. The issue of purpose was the main issue in the trial. We cannot find that the two definitions contradict each other or that they are inconsistent with the evidence presented. Upon review, we find the trial court did not err in instructing the jury on the definition of purpose. Assignment of Error III is denied.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
Farmer, J. Gwin, P.J. and Hoffman, J. concur.