DECISION AND JUDGMENT ENTRY
This is an appeal from a Scioto County Common Pleas Court judgment of conviction and sentence. The jury found Terry L. Wood, Jr., defendant below and appellant herein, guilty of robbery in violation of R.C.2911.02(A)(2). Appellant assigns the following errors for our review:
FIRST ASSIGNMENT OF ERROR
 "THE TRIAL COURT ERRED AS A MATTER OF LAW BY REFUSING TO INSTRUCT THE JURY ON THE LESSER INCLUDED OFFENSE OF THEFT BY THREAT."
SECOND ASSIGNMENT OF ERROR
 "THE TRIAL COURT ERRED IN IMPOSING THE MAXIMUM SENTENCE."
On the morning of November 3, 2000, Daniel Winston decided to take his friend, Carmen Harris, to breakfast. He drove to Harris's residence in the Farley Square area of Portsmouth and, as he parked his car, Appellant Terry Wood (a.k.a. "Bumpus") approached him and asked several questions. Suddenly, appellant reached into the car and a grabbed 14-karat gold necklace from Winston's neck. When Winston tried to get out of the car to retrieve his necklace, appellant told him "don't get out. I do got a pistol and I will cap your ass." Winston then remained in the car until appellant left. Winston then reported the incident to the police who subsequently arrested appellant.
On December 12, 2000, the Scioto County Grand Jury returned an indictment charging appellant with robbery in violation of R.C.2911.02(A)(2). Appellant pled not guilty and the matter proceeded to a jury trial.
At trial, Winston identified appellant as the man who had robbed him. Gwendolyn Harris, who is familiar with appellant, testified that although she did not see appellant actually grab the necklace, she observed appellant walk to Winston's car and lean on the window.
After hearing the evidence, the jury returned a guilty verdict. The trial court imposed an eight (8) year prison term and a $200 fine. The court noted that appellant had prior convictions for trafficking, grand theft, burglary and aggravated assault. The court reasoned that a shorter prison sentence would "demean the seriousness" of appellant's conduct and would not adequately protect the public. This appeal followed.
 I
Appellant's first assignment of error is directed to the trial court's jury instructions. The trial court refused to instruct the jury on theft by threat under R.C. 2913.02(A)(4), a lesser included offense of robbery. Appellant contends that the court's refusal constitutes reversible error. We disagree with appellant.
Initially, we note that we do not dispute that theft by threat (R.C.2913.02(A)(4)) is in fact a lesser included offense of robbery (R.C.2911.02). See generally State v. Davis (1983), 6 Ohio St.3d 91, 95,451 N.E.2d 772, 776. However, jury instructions on lesser offenses are required only when the evidence at trial reasonably supports both an acquittal on the crime charged and a conviction on the lesser included offense. See State v. Robb (2000), 88 Ohio St.3d 59, 74, 723 N.E.2d 1019,1039; State v. O'Neal (2000), 87 Ohio St.3d 402, 412, 721 N.E.2d 73, 85;State v. Thomas (1988), 40 Ohio St.3d 213, 533 N.E.2d 286, at paragraph two of the syllabus.
Appellant was indicted on the crime of robbery which provides, in pertinent part, that no person committing a theft offense will inflict or threaten to inflict physical harm on another. By contrast, the provisions of R.C. 2913.02(A)(4) state, inter alia, that no person shall knowingly exert control over property of another by threat. Thus, the difference between these offenses is that the element of inflicting, or threatening to inflict, physical harm. To establish that the trial court should have provided a jury instruction for the lesser offense, appellant must demonstrate that a reasonable jury could not have found that he inflicted, or threatened to inflict, physical harm on Winston while he committed the offense. Appellant has not persuaded us that this was the case.
The uncontroverted evidence indicates that appellant grabbed the necklace and ripped it from Winston's neck. Several witnesses testified that this action resulted in a noticeable red mark. Physical harm to persons means any injury, regardless of its gravity or duration. See R.C.2901.01(A)(3). We believe that a jury could reasonably have found that the mark on Winston's neck constitutes "physical harm." See, e.g., Statev. Deimling (Dec. 20, 2000), Lorain App. No. 99CA7486, unreported; Statev. Hardy (Feb. 17, 2000), Cuyahoga App. No. 75770, unreported.
Moreover, Winston testified that appellant warned him that he had a gun and that appellant then threatened to "cap [his] ass." As the State cogently notes in its brief, there is no evidence of any other threat made during this incident. We agree with the State that this threat provides a sufficient basis for the jury to find that appellant threatened to inflict physical harm. See, e.g., State v. Brooks (Mar. 7, 2001), Summit App. No. 20125, unreported; State v. Gales (Nov. 22, 2000), Lorain App. No. 00CA007541, unreported; State v. Brooks (Sept. 24, 1999), Montgomery App. No. 17606.
For these reasons, we are not persuaded that appellant could have reasonably been acquitted of robbery, but convicted of theft by threat. Accordingly, appellant has not persuaded us that he was entitled to a jury instruction on the lesser offense and, therefore, we overrule his first assignment of error.
 II
Appellant argues in his second assignment of error that the trial court erred in sentencing him to a maximum possible prison term of eight (8) years.[2] We disagree with appellant. The provisions of R.C. 2929.14(C) prohibit trial courts from imposing maximum prison terms unless the offender falls into one of four classifications. See State v. Lovely
(Mar. 21, 2001), Scioto App. No. 00CA2721, unreported; State v.Holsinger (Nov. 20, 1998), Pike App. No. 97CA605, unreported; State v.Kauff (Nov. 9, 1998), Meigs App. No. 97CA13, unreported. Those classifications include offenders who (1) commit the worst form of the offense; (2) pose the greatest likelihood of committing future crimes; (3) are certain major drug dealers; and (4) are certain repeat violent offenders. R.C. 2929.14(C); also see State v. Borders (Aug. 7, 2000), Scioto App. No. 00CA2696, unreported; State v. Riggs (Sep. 13, 1999), Washington App. No. 98CA39, unreported; State v. Goff (Jun. 30, 1999), Washington App. No. 98CA30, unreported. In order to impose a maximum sentence, the trial court must state its reasons on the record at the sentencing hearing. R.C. 2929.19(B)(2)(d); also see State v. Lenegar
(Feb. 3, 1999), Vinton App. No. 99CA521, unreported; State v. Patterson
(Sep. 21, 1998), Washington App. No. 97CA28, unreported.
Our review of the record in the case sub judice convinces us that the trial court adequately complied with these requirements. The trial court expressly noted that appellant had four prior adult convictions and two prior juvenile convictions. Thus, the court found that appellant posed "the greatest likelihood of recidivism." This meets the second category outlined above (i.e. those offenders posing the greatest likelihood of committing future crimes). The trial court also noted that a lesser prison sentence would demean the seriousness of the offense and was necessary to protect the public. These findings were carried over into the final judgment entry. All things considered, we find that the court adequately complied with the requirements of R.C. 2929.14(C). Thus, we find that appellant's second assignment of error is without merit and is hereby overruled.
Accordingly, based upon the foregoing reasons, we overrule appellant's assignments of error and affirm the trial court's judgment.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J.: Concurs in Judgment Opinion as to Assignment of Error II and Concurs in Judgment Only as to Assignment of Error I
Evans, J.: Concurs in Judgment Opinion.
[2] The robbery offense is a second degree felony. See R.C. 2911.02(B). The maximum sentence for this offense is eight (8) years. See R.C.2929.14(A)(3).