JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, Jason Wolf ("Wolf"), appeals his robbery conviction. Finding merit to the appeal, we modify his conviction and remand for resentencing.
 {¶ 2} In July 2003, Wolf was charged with robbery. The matter proceeded to a jury trial, where the following evidence was presented.
 {¶ 3} Patrick Hardy ("Hardy"), a Home Depot loss prevention investigator, testified that he was working undercover, when he observed Wolf enter the electrical aisle, a high theft area of the store. Hardy testified that he saw Wolf take five packages of Ty-Rap electrical ties ("Ty-Raps") from the shelf and place them in his pants under his sweater.
 {¶ 4} Wolf then walked into the outdoor garden center briefly before reentering the store. Hardy followed him and found a package of Ty-Raps on the floor. Wolf then reentered the electrical aisle and returned three of the remaining packages of Ty-Raps. After passing all possible points of sale, Wolf attempted to exit the store through an entrance. Hardy continued to follow him, suspecting that he still had one package of Ty-Raps in his possession.
 {¶ 5} While monitoring Wolf's movements, Hardy sought another employee, Dwane Dillon ("Dillon"), to assist him because store policy required a witness when approaching a suspected shoplifter. While running toward Wolf, Hardy saw him throw the fifth package of Ty-Raps toward a trash can outside the store. Upon approaching Wolf, Hardy identified himself and Wolf responded by raising his sweater, claiming that he was not concealing anything.
 {¶ 6} Hardy attempted to detain Wolf by handcuffing him. While Hardy reached for Wolf's right hand, Wolf tried to pull away and pushed Hardy. When Dillon assisted, Wolf swung his elbows, striking Dillon in the chest. Wolf was twisting and turning in his attempt to pull away. A third employee, Vince Claar, also assisted in apprehending Wolf. After struggling for one to two minutes, Wolf was finally subdued. There were no packages of Ty-Raps on his person at that time. Hardy and Dillon testified that, as a result of the altercation, they experienced soreness.
 {¶ 7} During trial, the court denied Wolf's request to instruct the jury on the lesser included offense of theft. The jury found Wolf guilty of robbery and he was sentenced to two years in prison. He appeals his conviction, raising three assignments of error. We shall first address the third assignment of error which we find dispositive.
 Jury Instruction {¶ 8} In his third assignment of error, Wolf argues that the trial court erred in failing to instruct the jury on the lesser included offense of theft.
 {¶ 9} In State v. Davis (1983), 6 Ohio St.3d 91, 95,451 N.E.2d 772, the Ohio Supreme Court held:
{¶ 10} "* * * merely because one offense can be a lesserincluded offense of another does not mean that a court mustalways instruct on both offenses where the greater offense ischarged. * * * The persuasiveness of the evidence regarding thelesser included offense is irrelevant. If under any reasonableview of the evidence it is possible for the trier of fact to findthe defendant not guilty of the greater offense and guilty of thelesser offense, the instruction on the lesser included offensemust be given. The evidence must be considered in the light mostfavorable to defendant."
 {¶ 11} Wolf was charged with robbery, a second degree felony under R.C. 2911.02,[1] which provides in pertinent part:
{¶ 12} "(A) No person, in attempting or committing a theftoffense or in fleeing immediately after the attempt or offense,shall do any of the following:
 {¶ 13} * *
 {¶ 14} (2) Inflict, attempt to inflict, or threaten to inflictphysical harm on another;"
 {¶ 15} Physical harm is defined by R.C. 2901.01(A)(3) as any "injury, illness, or other physiological impairment, regardless of its gravity or duration."
 {¶ 16} A theft offense is defined under R.C. 2913.01(K) and includes the crime of theft as defined by R.C. 2913.02, which provides,
{¶ 17} "(A) No person, with purpose to deprive the owner ofproperty or services, shall knowingly obtain or exert controlover either the property or services * * *:
 {¶ 18} Without the consent of the owner or person authorizedto give consent."
 {¶ 19} The State relies on several cases in support of their argument that "this court has repeatedly held that evidence of the use or threat of force by an offender while committing a theft or immediately fleeing thereafter supports a conviction for robbery." However, the essential element required to prove robbery in the instant case is not the use of force but inflicting physical harm.
 {¶ 20} In State v. Frunza, Cuyahoga App. No. 82053, 2003-Ohio-4809, appeal denied by 101 Ohio St.3d 1424,2004-Ohio-123, this court held that while evidence may be sufficient to support "force" under R.C. 2911.02(A)(3), it may be insufficient to meet "physical harm" under R.C. 2911.02(A)(2). InFrunza, the alleged harm was caused when a stroller was pushed over a person's toes. In finding that this alleged injury did not amount to "physical harm," this court reasoned as follows:
{¶ 21} "Although R.C. 2901.01(A)(3) defines `physical harm' toinclude `any injury, illness, or other physiological impairment,regardless of its gravity or duration[,]'the act of pushing astroller across a person's toes is insufficient to meet theordinary definition of `injury * * * or other physiologicalimpairment. `A threshold level of `physiological impairment'mustbe required before one can conclude that an `injury' hasoccurred; otherwise, the definition of `physical harm topersons' in R.C. 2901.01(A)(3) would be no different than thedefinition of `force' as applied to persons in R.C.2901.01(A)(1). By extension, there would be no need for thedistinction between robbery offenses in R.C. 2911.02(A)(2) and(3)." Id. at ¶ 8.
 {¶ 22} Thus, although the act of pushing or elbowing someone in the chest causing soreness may constitute "force," it does not satisfy the element of "inflicting physical harm" to sustain a robbery conviction in this case.
 {¶ 23} We find that, considering the evidence in the light most favorable to Wolf, the trier of fact would have found him not guilty of robbery because there was no proof of physical harm. However, the evidence clearly shows that Wolf attempted to commit theft by removing a package of Ty-Raps from the store without paying for it. Although he abandoned the package, he did so only after passing all points of sale. Therefore, the trier of fact would have reasonably found him guilty of theft and not robbery, if the trial court had properly instructed the jury on the lesser included offense of theft.
 {¶ 24} Accordingly, Wolf's third assignment of error is sustained. We hold that the judgment of the trial court finding Wolf guilty of robbery should be modified to reflect a conviction for theft.
 {¶ 25} The remaining two assignments of error dealing with sufficiency and manifest weight of the evidence are rendered moot.
Judgment modified and case remanded for resentencing.
It is, therefore, considered that said appellant and said appellee the share the costs herein.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, P.J. and Rocco, J. Concur.
[1] Wolf was charged under R.C. 2911.02(A)(2) only and not R.C.2911.02(A)(3), which involves the element of force rather than inflicting physical harm.