OPINION
{¶ 1} Following a bench trial, defendant-appellant Danielle Smith appeals from the trial court's judgment convicting her of theft, in violation of R.C. 2913.02. Because theft is a lesser-included offense of the charged offense of robbery, and because Smith's conviction was amply supported by the evidence, we affirm the judgment of the trial court.
 {¶ 2} Smith was arrested after an altercation at the Macy's department store in Tri-County Mall. Rachel Cornet, a loss-prevention supervisor for Macy's, observed Smith, Lashay Meadows, and Meadows's young children, walking around the store and pushing a shopping cart containing empty shopping bags. Cornet and another Macy's employee observed the group enter fitting rooms with multiple items of merchandise and leave with fewer items in their hands. A security camera also videotaped the group's activities and was offered as evidence.
 {¶ 3} Smith and Meadows headed for an exit with the Meadows children pushing the shopping cart. Their previously empty shopping bags were now filled with over $1,674 of clothing. Smith walked about five feet behind the cart. As they passed the last point of sale, store security stopped Meadows. Smith turned to re-enter the department store. Cornet and a security officer stopped her and asked her to accompany them to the store's office.
 {¶ 4} After returning to the store with Cornet, Smith began to resist. She pushed Cornet, struck the guard with hangers, tipped over display tables, and ultimately attempted to bite the security guard. When store supervisors arrived, Smith became more cooperative. She denied that she knew of Meadows's intention to shoplift, and claimed that she struggled with Cornet and the security guard only because they had accused her of theft.
 {¶ 5} The Hamilton County Grand Jury returned an indictment charging Smith with robbery, in violation of R.C. 2911.02(A)(3), and alleging that "in committing or attempting to commit a theft offense, to wit: THEFT OF RETAIL MERCHANDISE FROM MACY'S, or in fleeing immediately thereafter, [she had] used or threatened the immediate use of force against" Cornet and the security guard. Smith waived a jury trial. Her defense was that she did not know that Meadows had intended to steal from Macy's.
 {¶ 6} The trial court stated, "Having sat through this trial, I find the testimony of the defendant with regard to not knowing that she was involved in a theft offense — I find that to be incredible. I viewed the videotape; there is no question she was acting in concert [with Meadows]. * * * So [Smith] was involved in a theft offense.
 {¶ 7} "I'm not convinced with regard to the robbery at this point in time. And, therefore, I find her guilty of a felony of the fifth degree theft" as a lesser-included offense of robbery.
 {¶ 8} Conceding that petty theft, punishable as a first-degree misdemeanor, is a lesser-included offense of robbery, Smith objected on grounds that fifth-degree felony theft was not because the value of the stolen property was an element of that crime — an element missing from the charged, greater offense of robbery. The trial court nonetheless found Smith guilty of fifth-degree theft and imposed an 11-month prison term.
 {¶ 9} In her first assignment of error, Smith contends that fifth-degree theft is not a lesser-included offense of robbery, and thus that the trial court was without authority to convict her of any crime more severe than petty theft.
 {¶ 10} A trial court may enter a judgment of conviction on an offense that is a lesser-included offense, an offense of an inferior degree, or an attempt to commit the greater charged offense. See R.C. 2945.74; see, e.g., State v. Deem (1988), 40 Ohio St. 3d 205, 533 N.E.2d 294, paragraph one of the syllabus. "[A] criminal offense may be a lesser included offense of another if (1) the offense carries a lesser penalty than the other; (2) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (3) some element of the greater offense is not required to prove the commission of the lesser offense." State v.Barnes, 94 Ohio St.3d 21, 25-26, 2002-Ohio-68, 759 N.E.2d 1240, citingState v. Deem, paragraph three of the syllabus. The second prong of the test requires the offenses at issue to be examined "as statutorilydefined and not with reference to specific factual scenarios." State v.Barnes, 94 Ohio St.3d at 26, 2002-Ohio-68, 759 N.E.2d 1240 (emphasis in the original).
 {¶ 11} The test for a lesser-included offense is "grounded primarily in the need for clarity in meeting the constitutional requirement that an accused have notice of the offenses charged against him.Sixth Amendment to the United States Constitution; Section 10, Article I of the Ohio Constitution." State v. Deem, 40 Ohio St.3d at 210,533 N.E.2d 294.
 {¶ 12} The indictment in this case charged Smith with robbery. R.C. 2911.02(A)(3) provides that "[n]o person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall * * * [u]se or threaten the immediate use of force against another." The value of the property obtained or attempted to be obtained in the theft offense is not an element of robbery as statutorily defined.
 {¶ 13} R.C. 2913.02(A)(4), which proscribes theft by threat,[1]
states that "[n]o person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services * * * [b]y threat."
 {¶ 14} The degree of the theft offense is determined by the value of the stolen property. Pursuant to R.C. 2913.02(B)(2), petty theft is punishable as a misdemeanor of the first degree. But "if the value of the property or services stolen is five hundred dollars or more and is less than five thousand dollars * * *, a violation of this section is theft, a felony of the fifth degree." R.C. 2913.02(B)(2). As the value of the stolen property elevates the degree of the offense and does not simply enhance the penalty, the value of the property or service stolen is an essential element of the crime of theft, but not petty theft, and must be proved by the state. See State v. Edmondson, 92 Ohio St.3d 393,398, 2001-Ohio-210, 750 N.E.2d 587, citing State v. Henderson (1979),58 Ohio St.2d 171, 173-174, 389 N.E.2d 494.
 {¶ 15} The first prong of the Deem test for whether theft is a lesser-included offense of robbery was satisfied in this case. Robbery is punishable as a third-degree felony. Fifth-degree theft carries a lesser penalty. The third prong was also met. "[T]heft by threat consists entirely of some, but not all, of the elements of robbery. The use of force or the threatened use of immediate force are elements of robbery which are not required to constitute the offense of theft by threat." State v. Davis (1983), 6 Ohio St.3d 91, 95, 451 N.E.2d 772; see, also, State v. Stone (Jan. 31, 1996), 1st Dist. No. C-950185.
 {¶ 16} But our analysis under the second prong of Deem is more problematic. As one can commit robbery, for example, with a handgun by depriving the victim of property valued at less than $500, robberycan be committed without the lesser offense of theft, which requires proof of a loss of $500 or more, also being committed. Therefore, theft would appear not to be a lesser-included offense of robbery. SeeState v. Deem, paragraph three of the syllabus.
 {¶ 17} But as a subordinate court we are constrained from sustaining Smith's first assignment of error by the Ohio Supreme Court's decision in State v. Davis, 6 Ohio St.3d at 95, 451 N.E.2d 772. InDavis, the supreme court was required to determine whether grand theft by threat, then punishable as a fourth-degree felony upon proof that the property or services stolen were valued at $150 or more, was a lesser-included offense of robbery. See 6 Ohio St.3d 91, 451 N.E.2d 772, fn. 1. In its decision, which predated State v. Deem, the supreme court applied an earlier, lesser-included-offense test, found in State v.Wilkins (1980), 64 Ohio St.2d 382, 415 N.E.2d 303, that lacked the admonition that the offenses were to be examined "as statutorily defined." Although it recognized that value was an element of grand theft, the supreme court did not discuss the omission of value from the indictment. Nonetheless, in resolving the issue posed by the secondDeem prong, the court held that "theft by threat contains no element which is not also an element of robbery; therefore, one cannot commit a robbery without committing theft by threat." 6 Ohio St.3d at 95,451 N.E.2d 772. As Smith's appeal raises the identical issue resolved inState v. Davis, we continue to adhere to the supreme court's decision as we have previously, see, e.g., State v. Stone; State v. Williams (June 26, 1996), 1st Dist. No. C-950571; State v. Pratt (Sept. 9, 1987), 1st Dist. No. C-860436, and overrule the first assignment of error.
 {¶ 18} Smith's second assignment of error, in which she challenges the weight and the sufficiency of the evidence to support her conviction, is overruled. Our review of the record fails to persuade us that the trial court, sitting as the trier of fact, clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. See Tibbs v. Florida (1982),457 U.S. 31, 102 S.Ct. 2211; see, also, State v. Thompkins, 78 Ohio St.3d 380,387, 1997-Ohio-52, 678 N.E.2d 541. The trial court was entitled to reject Smith's defense that she had not acted in concert with Meadows. As the weight to be given the evidence and the credibility of the witnesses were primarily for the trier of fact to determine, seeState v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus, the trial court, in resolving conflicts in the testimony, could properly have found Smith guilty of the lesser-included offense and thus did not lose its way.
 {¶ 19} There was substantial, credible evidence from which the trial court could have reasonably concluded that the state had proved all elements of the lesser-included offense of theft by threat beyond a reasonable doubt. See State v. Waddy (1991), 63 Ohio St.3d 424,588 N.E.2d 819, certiorari denied (1992), 506 U.S. 921, 113 S.Ct. 338.
 {¶ 20} Therefore, the judgment of the trial court is affirmed.
Judgment affirmed.
SUNDERMANN and HENDON, JJ., concur.
[1] The trial court did not specify which subsection of R.C. 2913.02(A) Smith had violated. From the allegations in the indictment and the evidence introduced at trial, we presume that the trial court believed that Smith had committed theft by threat under R.C. 2913.02(A)(4). There was no evidence that would have supported convictions under the other subsections of R.C. 2913.02. Smith's arguments at trial and on appeal accept this conclusion.