THE STATE OF OHIO, APPELLANT AND CROSS-APPELLEE, v. DAVIS, APPELLEE AND CROSS-APPELLANT.

[Cite as State v. Davis (1983), 6 Ohio St. 3d 91.]

92

(Nos. 82-1539 and 82-1592—Decided July 27, 1983.)

*Mr. John F. Holcomb,* prosecuting attorney, *Mr. Gerald R. Leshner* and *Mr. Daniel G. Eichel,* for appellant and cross-appellee.

*Messrs. Koehler & Humbach* and *Ms. Patricia S. Oney,* for appellee and cross-appellant.

WILLIAM B. BROWN, J. The first issue for determination is whether proof of a "* * * [threat of] the immediate use of force against another," as an essential element of the offense of robbery in violation of R.C. 2911.02(A), is sustained by evidence that the offender, while demanding money from a person, uses the particular demeanor of holding one of his hands under his clothing hidden from the victim's view, as if carrying a firearm, although the offender does not verbally threaten harm. This court now holds that this element can be proven by the above-described threatening demeanor and demanding words.

Prior to 1974 the robbery statute in Ohio, R.C. 2901.12, read as follows:

"No person, by force or violence, or by putting in fear, shall steal from the person of another anything of value. * * *"

Effective January 1, 1974, the robbery statute, R.C. 2911.02 (A), was amended to read:

"No person, in attempting or committing a theft offense * * * shall use or threaten the immediate use of force against another."

The court of appeals concluded that the elimination of the phrase "putting in fear" from the statute eliminated the psychological aspects of robbery. That court then went on to hold that appellee's statement, "I'm not gonna hurt you * * *," was clearly not a threat to use immediate force. This interpretation misconstrues the nature of the standard set forth in the robbery statute and overlooks the role of the appellee's demeanor in presenting the threat of immediate force.

The difference between the old and new robbery statutes in Ohio is the

difference between a subjective and an objective standard in evaluating the nature of the threat. Prior to 1974, R.C. 2901.12 required only that the victim be put in fear by force or violence with the particular emphasis on the victim's actual state of mind. In contrast, current R.C. 2911.02 (A) defines the crime of robbery as the use or threat of immediate use of force against another. This requirement is satisfied if the fear of the alleged victim was of such a nature as in reason and common experience is likely to induce a person to part with property against his will and temporarily suspend his power to exercise his will by virtue of the influence of the terror impressed.

This court concludes that, under the above standard, the evidence could support the conviction of robbery beyond a reasonable doubt. During the time appellee was demanding and then physically removing the money, he was carrying his right hand under this shirt as if holding a concealed weapon. The statement, "I'm not gonna hurt you * * *," does not necessarily belie the threat of such a gesture. In fact, that statement could be interpreted to reinforce the threat, conveying the implication that the statement remains applicable only so long as no resistance is offered. Under these circumstances it is for the jury to decide whether the actions and demeanor of appellee constituted a threat of immediate use of force against the store attendants.

Appellee maintains that this court's recent decision in State v. Merriweather (1980), 64 Ohio St. 2d 57 [18 O.O.3d 259], rejected the notion of an implied threat. There it was stated that having a deadly weapon on one's person does not necessarily embrace the threat of immediate use of force against another. Id. at 59.

This argument is without merit. State v. Merriweather held that robbery is not a lesser included offense of aggravated robbery because of a difference in the elements constituting each crime. That case did not hold that the use of force or threat of the use of force element of robbery cannot be sustained by testimony that the offender threatened the victim with a real or simulated firearm. In fact, virtually every American jurisdiction addressing the issue has held that robbery convictions can be sustained by evidence that the offender simulated a gun by putting his hand in a pocket, in a bag, or under a shirt. See, generally, Annotation (1977), 81 A.L.R. 3d 1006.

The second major issue in this case is whether the trial court erred in refusing to instruct the jury on the lesser included offense of grand theft.[2]

---

[2] Appellee also submitted the following propositions of law:

"[No. 3:] A trial court's failure to allow an accused to obtain a handwriting exemplar from two witnesses in order to present exculpatory evidence is violative of an accused's constitutional rights."

"[No. 4:] A trial court's failure to prevent the state from introducing evidence undisclosed pursuant to a discovery demand is violative of an accused's constitutional and statutory rights."

"[No. 5:] A trial court which does not make every effort to obtain absent defense witnesses who have been served with a subpoena violates an accused's right to compulsory process."

These contentions have not been seriously pursued either in appellee's briefs or at oral argument. This court finds them to be not well-taken and affirms the court of appeals as to these issues for the reasons expressed in that court's opinion.

The indictment against Davis was for robbery and his defense was alibi. Based on a narrow construction of *State* v. *Nolton* (1969), 19 Ohio St. 2d 133 [48 O.O.2d 119], the state argues that the defense of alibi constituted a complete defense to all substantive elements of the crime charged and consequently that the jury is precluded from consideration of a lesser included offense.

This argument overlooks this court's clarification of the rule of *Nolton* in *State* v. *Wilkins* (1980), 64 Ohio St. 2d 382 [18 O.O.3d 528]. There it was recognized that merely because one offense can be a lesser included offense of another does not mean that a court must always instruct on both offenses where the greater offense is charged. However, such an instruction is required where "* * * the trier of fact could reasonably find against the state and for the accused upon one or more of the elements of the crime charged, and for the state and against the accused on the remaining elements, which, by themselves, would sustain a conviction upon a lesser included offense.

"The persuasiveness of the evidence regarding the lesser included offense is irrelevant. If under any reasonable view of the evidence it is possible for the trier of fact to find the defendant not guilty of the greater offense and guilty of the lesser offense, the instruction on the lesser included offense must be given. The evidence must be considered in the light most favorable to defendant." *Id.* at 388.

Resolution of the present issue requires a two-step analysis. First, grand theft by threat, R.C. 2913.02(A)(4), must be a lesser included offense of robbery, R.C. 2911.02. If it is not, then the trial court could not instruct the jury on that offense. If grand theft by threat is a lesser included offense of robbery it must next be determined whether, under the facts of the present case, the trial court was obligated to give an instruction as to grand theft.

An offense may be a lesser included offense of another only if (1) the offense is a crime of lesser degree than the other, (2) the offense of the greater degree cannot be committed without the offense of the lesser degree also being committed, and (3) some element of the greater offense is not required to prove the commission of the lesser offense. *State* v. *Wilkins, supra,* at 384. Theft by threat is undisputably a crime of lesser degree than robbery. In addition, theft by threat contains no element which is not also an element of robbery; therefore, one cannot commit a robbery without committing theft by threat. Lastly, theft by threat consists entirely of some, but not all, of the elements of robbery. The use of force or the threatened use of immediate force are elements of robbery which are not required to constitute the offense of theft by threat. *State* v. *Harris* (1979), 58 Ohio St. 2d 257 [12 O.O.3d 265]. Accordingly, theft by threat is a lesser included offense of robbery.

The question remains, under *State* v. *Wilkins,* whether under any reasonable view of the evidence it would have been possible for the jury, if they rejected the alibi defense, to find that appellee's conduct did not constitute a threat of the immediate use of force but instead amounted only to a threat of disagreeable consequences that did not involve the immediate use of force. *State* v. *Gates* (1981), 2 Ohio App. 3d 485, 487. This court concludes

that it would be possible for the jury, in viewing the evidence present in this case, to find that appellee conveyed such a threat.

Robbery requires the use or threat of immediate use of force against another. "Force," as defined in R.C. 2901.01(A), means violence, compulsion or constraint physically exerted by any means against a person. In contrast, the threat involved in theft by threat is of a lesser nature and, as the Committee Comments indicate, is not restricted to the threat of personal harm.

In the present case, it is not clear from the evidence that the store attendants responded to appellee's conduct in a manner that was any more consistent with a threat of the use of immediate force than with a threat not involving the immediate use of force. Both Masterson and Cruze testified that they were nervous, and Masterson more nervous than she had ever been in her life. However, this reaction is consistent with the presence of either kind of threat when combined with the realization that they were unwilling characters in the unfolding drama of a crime. Cruze opened the cash register and appellee began flipping up the arms of the till and grabbing the money. Cruze's response in opening the register could also be consistent with her having received either kind of threat. No weapon was seen. Actually, the evidence indicated that appellee was not carrying a weapon. The fact that he pretended to have a gun is not inconsistent with either theory of the degree of force used. Both Masterson and Cruze may have perceived a threat of immediate use of force against them and were so intimidated by it that they opened the cash register and allowed appellee to take the money without any interference. Alternatively, they may have complied and not resisted out of fear that otherwise unpleasant consequences, not involving the immediate use of force, would happen to them or to their property.

The nature of the evidence demonstrates that it was possible for the jury to find appellee not to have threatened the immediate use of force but to have employed a threat of a lesser degree, considering the standard set forth in *State* v. *Wilkins, supra.* It is not clear that appellee necessarily conveyed a threat of the immediate use of force. Under these circumstances, the trial court was required to give the instruction on the lesser included offense. The factual posture of this case distinguishes it from such cases as *State* v. *Strodes* (1976), 48 Ohio St. 2d 113 [2 O.O.3d 271], death sentence vacated (1978), 438 U.S. 911, or *State* v. *Kilby* (1977), 50 Ohio St. 2d 21 [4 O.O.3d 80], suggested by the state. There, the prosecution's evidence proved every essential element of the crime charged and a jury could not reasonably find against the state on any element of the crime. In such situations as those, a charge on a lesser included offense is not required.

For the foregoing reasons, the judgment of the court of appeals is affirmed in part and reversed in part and the cause is remanded to the trial court for further proceedings.

*Judgment accordingly.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.