The STATE of Ohio, Appellee,

v.

BENTLEY, Appellant.

[Cite as *State v. Bentley* (1990), 69 Ohio App.3d 33.]

Court of Appeals of Ohio,
Lorain County.

No. 89CA004697.

Decided Aug. 1, 1990.

**34**

*Gregory A. White,* Prosecuting Attorney, for appellee.

*Christopher R. Rothgery,* for appellant.

CACIOPPO, Judge.

David Mitchell Bentley appeals his robbery conviction, R.C. 2911.02(A), with a specification of a prior aggravated felony conviction, and his conviction for failure to comply with an order of a police officer, R.C. 4511.02(B). We affirm.

On July 28, 1989, Joseph Swidecki was in Nina's Bar in Lorain waiting for the patrons to leave so that he could close the premises for his wife, the bar's owner. At approximately 1:30 a.m., Swidecki left the bar to get a pack of cigarettes he had left in his car.

As Swidecki went to his car, he saw David Bentley, defendant-appellant, with another man. The two men followed Swidecki to his car. When Swidecki arrived at his car, he turned to Bentley and asked him if he was looking for a fight. Bentley, with his fists raised, replied, "No, I want your wallet."

Swidecki did not surrender his wallet, but was in fear when Bentley reached into his own shirt as if he were reaching for a weapon. Swidecki backed away and Bentley then left to go to his car.

Immediately following this incident, Swidecki saw a Lorain police officer in a police patrol car in the vicinity of the bar. Swidecki reported the incident to the officer. The officer saw Bentley and his companion seated in an automobile at the scene and approached Bentley's automobile. Bentley responded by driving away at a high rate of speed. The officer pursued Bentley for four blocks. Suddenly, Bentley slowed the automobile to a speed of fifteen miles per hour. Bentley then opened the door of his moving vehicle and rolled onto the street. The vehicle stopped when it hit the street curb.

The officer stopped his vehicle and pursued Bentley on foot. He eventually found Bentley hiding in some nearby bushes. Swidecki identified Bentley at the scene of the attempted robbery. Bentley was subsequently indicted on one count of robbery with a specification of a prior aggravated felony conviction, and one count of failure to comply with an order of a police officer.

A jury convicted Bentley of both counts as charged in the indictment following a two-day trial in the Lorain County Court of Common Pleas. A hearing was held to determine the specification pertaining to the robbery conviction. Bentley admitted that he had a prior conviction for an aggravated felony. Bentley was sentenced to a term of eight to fifteen years at the

Orient Correctional Facility with a minimum sentence of eight years of actual incarceration. Further, he was sentenced to a term of six months in the Lorain County Jail on the second count, to be served concurrently with his sentence for robbery. Bentley asserts a single assignment of error.

### Assignment of Error

"The trial court erred in finding that there was sufficient evidence to sustain a conviction for robbery where the evidence failed to satisfy the 'use or threat of immediate force' element required under R.C. 2911.02(A), robbery."

Bentley contends there was insufficient evidence to support his robbery conviction. Further, he alleges the trial court erred in failing to grant his motion for a directed verdict pursuant to Crim.R. 29. We disagree.

A claim of insufficient evidence requires a determination whether any rational trier of fact could find all the essential elements of the offense beyond a reasonable doubt after viewing, but not weighing, the probative evidence and construing reasonable inferences most favorably to the prosecution. *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 219, 485 N.E.2d 717, 720. In reviewing the trial court's ruling on a motion for acquittal, an appellate court construes the evidence in a light most favorable to the state. The appellate court must determine whether reasonable minds could reach different conclusions as to proof beyond a reasonable doubt for each element of the crime charged. *State v. Bridgeman* (1978), 55 Ohio St.2d 261, 9 O.O.3d 401, 381 N.E.2d 184, syllabus. "A reviewing court will not reverse a jury verdict where there is substantial evidence upon which a jury could reasonably conclude that all the elements of an offense have been proven beyond a reasonable doubt." *State v. Eley* (1978), 56 Ohio St.2d 169, 10 O.O.3d 340, 383 N.E.2d 132, syllabus.

In the instant case, Bentley contends there was insufficient evidence to prove the element of the use or threat of immediate use of force in R.C. 2911.02(A). This subsection states:

"No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after such attempt or offense, shall use or threaten the immediate use of force against another."

"The use or threat of immediate use of force element of the offense of robbery * * * is satisfied if the fear of the alleged victim was of such a nature as in reason and common experience is likely to induce a person to part with property against his will and temporarily suspend his power to exercise his will by virtue of the influence of the terror impressed." *State v. Davis* (1983),

6 Ohio St.3d 91, 6 OBR 131, 451 N.E.2d 772, paragraph one of the syllabus. This court has noted that a defendant's actions and demeanor may support a finding of a threat of force. *State v. Carter* (1985), 29 Ohio App.3d 148, 150, 29 OBR 165, 168, 504 N.E.2d 469, 471.

■ Under the above standard, the evidence would support the conviction of robbery beyond a reasonable doubt. During the confrontation, Bentley raised his fists and demanded that Swidecki, a sixty-seven-year-old retiree, give him his wallet. When Swidecki refused to surrender the wallet, Bentley reached into his own shirt as if he were reaching for a weapon. Swidecki moved away from Bentley where he could be seen by passersby and Bentley unexpectedly retreated to his automobile.

Consequently, this court finds that, as a matter of law, Bentley's actions constituted a threat of force that would cause fear sufficient to induce a person to part with his property and temporarily suspend his power to exercise his will. Therefore, appellant's assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and MAHONEY, J., concur.

EDWARD J. MAHONEY, J., retired, of the Ninth Appellate District, sitting by assignment.