The STATE of Ohio, Appellee,

v.

HABTEMARIAM, Appellant.

[Cite as *State v. Habtemariam* (1995), 103 Ohio App.3d 425.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 94APA10–1568.

Decided May 11, 1995.

*Michael Miller*, Franklin County Prosecuting Attorney, and *Michael L. Collyer*, Assistant Prosecuting Attorney, for appellee.

*Sarah H. Beauchamp*, for appellant.

---

CLOSE, Judge.

This is an appeal from a judgment convicting defendant-appellant, Kubrom Habtemariam, of both robbery and aggravated robbery with a gun specification. The relevant facts are as follows.

On October 7, 1993, around 1:30 p.m., two female Ohio State University students were stopped and threatened with a gun while they were walking back to their dormitory room. The students were returning from lunch. As they reached the second flight of stairs at the dormitory, a young male who was a couple of steps behind, called out to them by saying, "Excuse me." The women turned around, and the young man then demanded, "Give me your gold." After he was advised that they did not have any gold, the man pointed a gun at one of the student's neck and said, "Give me your necklace." The victim did not respond because she was "shocked," the other victim responded with profanity, advising the man that she was not giving him anything. The assailant put his gun away and said, "No, I was just kidding." He left after hearing noise or other commotion in the dormitory.

The women ran upstairs to their room and related the incident to their other roommate. Together, they ran back outside, caught up with the man, and yelled, "Why did you do that?" The man continued to walk away. The women followed him to his car and obtained his license plate number. Appellant was later arrested after two of the three women identified him in a photo array. Appellant denied any involvement in the incident. After a jury trial, appellant was convicted as charged in the indictment.

Appellant now appeals and raises two assignments of error:

"Assignment of Error I

"The convictions of the defendant must be reversed because the evidence admitted against the defendant was insufficient to support a conviction.

"Assignment of Error II

"The trial court erred in that it failed to accept the defendant's proposed jury instruction as to Count Two of the indictment, providing the jury with instructions on the lesser included offense to robbery of theft by force."

■ In reviewing the sufficiency of the evidence, we are guided by *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, which stands for the proposition that verdicts, in criminal cases, will be sustained where there is evidence upon which a rational trier of fact could conclude that each material element of the offense has been proven beyond a reasonable doubt. Under this standard of review, the evidence must be viewed in a light most favorable to the prosecution. *Id.*

The elements necessary to establish the offense of robbery are set forth in R.C. 2911.02, as follows:

"No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised code, or in fleeing immediately after such attempt or offense, shall use or threaten the immediate use of force against another."

The elements necessary to establish the offense of aggravated robbery are outlined in R.C. 2911.01(A), as follows:

"No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after such attempt or offense, shall do either of the following:

"(1) Have a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code, on or about his person or under his control;

"(2) Inflict, or attempt to inflict serious physical harm on another."

The jury found appellant guilty of R.C. 2911.02 and 2911.01(A)(1). Appellant alleges that his conviction must be reversed because there was no testimony regarding whether the victims perceived a threat, and because there was no evidence regarding the operability of the gun. On this basis, appellant claims the state failed to prove that appellant threatened the immediate use of force against the victims for purposes of establishing the offense of robbery, and further failed to prove that a deadly weapon was involved for purposes of establishing aggravated robbery.

■ After a careful review, we find that the record contains sufficient facts upon which a rational trier of fact could conclude, beyond a reasonable doubt, that appellant committed every element of the crimes charged in the indictment. The evidence clearly indicates that appellant pointed a gun at the victims, cocked the gun, and then pointed the gun at one of the victim's throat, all in an attempt to commit a theft offense.

Although the crime of aggravated robbery may be established without proving operability of the gun (see *State v. Vondenberg* [1980], 61 Ohio St.2d 285, 15 O.O.3d 349, 401 N.E.2d 437), the facts here permit the jury to infer that the gun was not only a deadly weapon under R.C. 2911.01(A), but also a deadly weapon capable of firing a projectile for purposes of the firearm penalty enhancement specification under R.C. 2929.71. One of the victims testified that she was familiar with the gun and that it was, in fact, a firearm. She described it in detail, and she had no doubt it was a real gun because she heard it click when appellant cocked it. From the totality of the circumstances, the pointing of the gun at the victims, the description of the gun from eyewitnesses, and appellant's demand for the gold necklace while aiming the gun at the victim's neck, the evidence is sufficient to establish proof beyond a reasonable doubt that appellant possessed a firearm. *State v. Murphy* (1990), 49 Ohio St.3d 206, 208, 551 N.E.2d 932, 934–935. "Firearms" are, by definition, deadly weapons. R.C. 2923.11(B)(1). See, also, *State v. Marshall* (1978), 61 Ohio App.2d 84, 86, 15 O.O.3d 93, 94, 399 N.E.2d 112, 113. Accordingly, appellant's conviction for aggravated robbery, with a firearm specification, is affirmed.

The evidence also supports a finding of "threat of immediate use of force" for purposes of establishing the offense of robbery. After the victims told appellant that they did not have any gold, appellant cocked the gun, pointed it at one of the victim's neck and demanded her necklace. Noise and commotion in the dormitory interrupted the confrontation.

Evidence of whether the victims actually perceived a threat is not necessary. Evaluation of the nature of a threat is subject to an objective, not subjective, test. *State v. Davis* (1983), 6 Ohio St.3d 91, 94, 6 OBR 131, 132–133, 451 N.E.2d 772, 774–775. We find the evidence amply supports the objective test.

As there is evidence to support each and every element of the offenses, the conviction will not be disturbed upon appeal. Appellant's first assignment of error is overruled.

In his second assignment of error, appellant takes issue with the trial court's failure to charge on the offense of theft by threat, a lesser included offense of robbery. The summary distinction between theft by threat and robbery is that robbery requires a threat of immediate force, while theft by threat only requires a threat of future harm. *Davis.* Although the victims refused to give appellant their "gold" and eventually ran away, this does not imply that the threat was not of immediate force. Appellant cocked the gun before pointing it at the victim's neck. It was the victims' denial which prompted appellant to act more forcefully by pointing the gun to the victim's neck and

demanding her necklace. Noise or other commotion interrupted the confrontation and allowed the victims to escape and appellant to "peacefully bow out."

 Entitlement to an instruction on theft by threat requires evidence which reasonably supports both an acquittal on the robbery charge and a conviction on the lesser charge of theft by threat. *State v. Thomas* (1988), 40 Ohio St.3d 213, 533 N.E.2d 286. The facts, in evidence here, simply do not meet this test. As noted above, the evidence does not support an acquittal on the robbery charge. Further, theft by threat under R.C. 2913.02(A)(4) requires proof that appellant "knowingly obtain or exert control over either the property or the services" of another. Appellant never obtained or exerted control over the gold. Appellant, therefore, was not entitled to an instruction on the lesser offense of theft by threat. Appellant's second assignment of error is overruled.

Appellant's assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

JOHN C. YOUNG and PETREE, JJ., concur.