JOURNAL ENTRY AND OPINION
Defendant Eddy Sumlin appeals from his conviction for robbery in violation of R.C. 2911.02(A)(3). For the reasons set forth below, we affirm.
On January 22, 1999, defendant was indicted for one count of robbery in violation of R.C. 2911.02(A)(2). The indictment alleged that defendant, while committing a theft offense from Finast grocery store, attempted to inflict or threatened to inflict physical harm upon a store worker. The indictment also contained a notice of a prior conviction for aggravated robbery and a repeat violent offender specification. He entered a plea of not guilty and the matter proceeded to trial to the court on February 12, 1999.
The state's evidence demonstrated that on November 9, 1998, Jettie McCord, a produce clerk at the Finast grocery store located at 11905 Superior Road in Cleveland, observed the store's undercover security officer chasing defendant. McCord ran to assist the security guard and tried to grab defendant. Defendant pushed McCord away and McCord shoved defendant to the ground. Defendant got back up and continued to run. McCord tackled him as he exited the store. Defendant tried to get away, swinging his arms at McCord and pushing him before being restrained by the police.
Cleveland Police Officer Joseph Cellura, who was also working as a security guard, observed defendant stuff a steak into his pants while in a checkout line then saw him flee toward the exit. McCord attempted to grab defendant and according to Cellura, defendant appeared to pushed him away. McCord then tackled defendant but defendant got up and continued to run away. McCord tackled defendant again outside the entrance doors. Cellura grabbed defendant but he continued to struggle to get away and Cellura was unable to handcuff him until other officers arrived on the scene.
Defendant presented the testimony of Willie Winston who was in front of the store while defendant was being apprehended. Winston observed a struggle and saw approximately four officers wrestle defendant to the ground and handcuff him. According to Winston, defendant was merely trying to get away.
Defendant testified that he placed nine steaks inside of his pants and went through the line to purchase a loaf of bread. He then saw the security guard inform a uniformed police officer that he had seen defendant shoplifting. Defendant testified that he became very nervous and decided to leave the steak in the restroom. Defendant stated, however, that a worker grabbed him and hit him before he reached the restroom and he was eventually apprehended by three officers and store workers. Defendant denied hitting anyone, denied using force and denied struggling to get away.
The trial court subsequently reduced the charge to assert a violation of R.C. 2911.02(A)(3) and dismissed the specifications. The court subsequently convicted defendant of this offense and sentenced him to two years of community control. Defendant now appeals and asserts that his conviction is not supported by sufficient evidence since there was no evidence that he used force.
In reviewing the sufficiency of the evidence, we are guided by State v. Jenks (1991), 61 Ohio St.3d 259, which held that a conviction will be upheld where there is evidence upon which a rational trier of fact could conclude that each material element of the offense has been proven beyond a reasonable doubt. Under this standard of review, the evidence must be viewed in a light most favorable to the prosecution. Id.
The elements necessary to establish the offense of robbery are set forth in R.C. 2911.02(A) as follows:
 (A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
* * *
 (2) Inflict, attempt to inflict, or threaten to inflict physical harm on another;
 (3) Use or threaten the immediate use of force against another.
The Committee Comment states in relevant part that "* * * As in the section on aggravated robbery, this section provides that the difference between theft and robbery is an element of actual or potential harm to persons." Thus, the force required for robbery requires actual or potential harm. State v. Furlow (1992),80 Ohio St.3d 146, 149.
With regard to whether the accused has used the "threat of immediate use of force" for purposes of establishing the offense of robbery, evidence of whether the victims actually perceived a threat is not necessary; evaluation of the nature of a threat is subject to an objective, not subjective, test. State v. Davis (1983), 6 Ohio St.3d 91, 94; State v. Habtemariam (1995),103 Ohio App.3d 425, 429.
In State v. Zoya (December 16, 1993), Cuyahoga App. No. 64322, unreported, this Court rejected a claim of insufficient evidence of force and affirmed a conviction for robbery, stating as follows:
 The record in the instant case reveals evidence which, when viewed in a light most favorable to the prosecution, would allow a rational trier of fact to find that the element of "force" was shown beyond a reasonable doubt. Mr. Voynicz physically detained Zoya between the check-out counters and the exit door of the store. Zoya struggled briefly with Mr. Voynicz in his attempt to flee by thrashing and swinging his arms, striking the chest of Mr. Voynicz in the process, and leaning and pushing his body weight against Mr. Voynicz in an effort to break the grasp of Mr. Voynicz. The potential for harm to Mr. Voynicz by the actions of Zoya is obvious. This activity in resisting apprehension for the attempted theft offense constitutes the immediate use of force. See State v. Calhoun (November 14, 1991), Cuyahoga App. No. 59370, unreported (store security manager pushed by defendant in attempting to flee); State v. Smith (August 15, 1991), Cuyahoga App. No. 58986, unreported (defendant's act of resisting arrest by attempting to escape by lashing out to strike the officer, which blow missed the officer, constitutes the actual use of, or the immediate threat of force); State v. Pittman (January 19, 1989), Cuyahoga App. No. 54949, unreported (attempting to resist apprehension by store employees by struggling, to wit, pushing and thrashing his legs, constitutes force); State v. Anderson (January 31, 1985), Cuyahoga App. No. 48563, unreported (store security officers shoved twice during shoplifter's attempt to flee).
* * *
 Since the use of force was demonstrated at the time Zoya was detained by the store's assistant manager, we conclude that the assignment of error is without merit.
Accord State v. Evans (Jan. 4, 1996), Cuyahoga App. No. 68675, unreported (defendant pushed security guard and swung at him). State v. Shelton (Nov. 5, 1998), Cuyahoga App. No. 72060, unreported (defendant shoved and pushed while trying to run away).
Moreover, this court has applied the "single continuous transaction" rule and has found sufficient evidence to establish the force element of robbery where a defendant struggles with security guards outside a store immediately after a theft in order to escape apprehension. State v. Dunning (March 23, 2000), Cuyahoga App. No. 75869, unreported; State v. Brooks (1989), Cuyahoga App. No. 55138, unreported.
In accordance with the foregoing, the assigned error is without merit and defendant's conviction is hereby affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ______________________________ ANN DYKE, ADMINISTRATIVE JUDGE
SPELLACY, J., AND BLACKMON, J., CONCUR.