[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App. R. 11.1(E) and Loc. R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct. R.Rep.Op. 3(A).
 {¶ 2} Bringing forth three assignments of error, defendant-appellant Adam Conway appeals the judgment of the trial court convicting him, following a bench trial, of robbery in violation of R.C. 2911.02(A)(3). Finding none of the assignments to have merit, we affirm the judgment of the trial court.
 {¶ 3} In his first assignment of error, Conway asserts that the trial court erred by denying his Crim. R. 29 motion for a judgment of acquittal. In his second and third assignments of error, respectively, Conway contests the sufficiency and the weight of the evidence to support the conviction. We consider these assignments of error together and find them to be unpersuasive.
 {¶ 4} When reviewing a challenge to the trial court's denial of a Crim. R. 29 motion, an appellate court is required to determine whether the evidence "[wa]s such that reasonable minds [could have] reach[ed] different conclusions" as to whether the state had proved each material element of the offense beyond a reasonable doubt.[1] In reviewing a sufficiency-of-the-evidence claim, an appellate court must examine the evidence presented at trial and determine whether that evidence, viewed in a light most favorable to the state, could have convinced any rational trier of fact that the defendant was guilty beyond a reasonable doubt.[2]
On the other hand, when reviewing a weight-of-the-evidence question, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[3]
 {¶ 5} Robbery is accomplished when a "person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall * * * (3) use or threaten the immediate use of force against another."[4] Force is defined as "* * * any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing."[5] In his assignments of error, Conway does not dispute that he committed a theft, but asserts that he did not use or threaten to use force in accomplishing that theft. Accordingly, Conway asserts that he should have been convicted of the lesser-included offense of theft by threat, or, in the alternative, theft by intimidation, which only requires a threat of "disagreeable consequences," and not a threat of force.[6] We disagree.
 {¶ 6} The Ohio Supreme Court has held that the "use or threat of immediate use of force element in robbery is satisfied if the fear of the alleged victim was of such a nature as in reason and common experience is likely to induce a person to part with property against his will and temporarily suspend his power to exercise his will by virtue of the influence of the terror impressed."[7] This test for force or the threat of force is objective and is to be applied under the totality of the circumstances.[8]
 {¶ 7} A threat of force does not need to be direct or explicit. Instead, it can be implied from the perpetrator's demeanor and tone of voice.[9] Direct proof of the victim's fear and apprehension is not necessary to establish the element of force when the trier of fact may reasonably find that the defendant's statements, actions, and demeanor had that effect upon the victim.[10] But proof of the victim's state of mind is relevant in determining whether a reasonable person would have thought that the offender was threatening the immediate use of force.[11]
 {¶ 8} Here, Conway entered the Firstar Bank where Nikki Combs was working as a teller. Conway was wearing a baggy sweatshirt, sunglasses and a toboggan-style cap, with the hood of his sweatshirt covering his cap. He approached Combs's window and handed her a note that read, "All of the money now. No alarms." He then told her that he wanted the money in denominations of fifty- and one-hundred-dollar bills. Combs began to cry when she realized that she did not have those denominations in her cash drawer. But as she had been trained not to resist in the event of a robbery, she eventually handed him $2000 in twenty-dollar bills. Conway then fled from the bank.
 {¶ 9} Photographs from the surveillance camera in the bank showed Conway standing at the teller window with his arms crossed and his hands hidden. Sometime during the theft, Conway moved one arm down under the teller window so that Combs could not see it. Although Combs did not see a weapon, she testified that she had been scared and had thought that Conway might have had a weapon concealed underneath his baggy clothes.
 {¶ 10} Based upon these circumstances, we hold that it was reasonable from Conway's act of handing Combs a note that demanded money and warned her not to activate any alarms that he had threatened the immediate use of force if she did not comply. Accordingly, we hold that Conway's conviction was based upon sufficient evidence and was not against the manifest weight of the evidence. The three assignments of error are overruled and the judgment of the trial court is affirmed.
 {¶ 11} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App. R. 27. Costs shall be taxed under App. R. 24.
Doan, P.J., Hildebrandt and Gorman, JJ.
[1] State v. Bridgeman (1978), 55 Ohio St.2d 261, 381 N.E.2d 184.
[2] See State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.
[3] See State v. Martin (1983), 20 Ohio App.3d 172, 485 N.E.2d 717.
[4] See R.C. 2911.02(A)(3).
[5] R.C. 2901.01(A).
[6] See State v. Stone (Jan. 31, 1996), 1st Dist. No. C-950185, citing State v. Davis (1983), 6 Ohio St.3d 91, 451 N.E.2d 772.
[7] Davis, supra, paragraph one of the syllabus.
[8] State v. Bush (1997), 119 Ohio App.3d 146, 150, 694 N.E.2d 984, citing State v. Habtemariam (1995), 103 Ohio App.3d 425,659 N.E.2d 850.
[9] Bush, supra, at 150, 694 N.E.2d 984.
[10] Id. at 152, 694 N.E.2d 984.
[11] Id.