[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} Defendant-appellant, Charles Rutledge, appeals the judgment of the Hamilton County Court of Common Pleas convicting him of robbery under R.C. 2911.02(A)(3), after a bench trial. For the following reasons, the trial court's judgment is affirmed in part and reversed in part, and the cause is remanded for further proceedings.
 {¶ 3} At trial, Jacqueline Doss, a bank teller, testified that a man had entered the bank wearing sunglasses, with a baseball cap pulled down over his face. He slipped a paper bag across the counter and said to her, "Give me all your money and no [dye] packs." She testified that the man spoke in a stern or demanding voice. In her confusion, Doss hesitated, and the man told her to hurry. Because of the height of the bank's counter, Doss was unable to see the man's hands except when he passed the bag to her. The man fled with approximately $1,800 of the bank's money.
 {¶ 4} Police captured a man later identified as Rutledge near the bank. Immediately after the offense, Rutledge admitted to taking the money but denied that he had used or threatened the use of force. At trial, Rutledge testified in accordance with his prior statement to police.
 {¶ 5} In his first and second assignments of error, Rutledge now argues that the conviction was based upon insufficient evidence and was against the manifest weight of the evidence. In the review of the sufficiency of the evidence to support a conviction, the relevant inquiry for the appellate court "is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[1] To reverse a conviction on the manifest weight of the evidence, a reviewing court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and conclude that, in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[2]
 {¶ 6} The robbery statute, R.C. 2911.02(A)(3), provides that "[n]o person, in attempting or committing a theft offense * * * shall * * * [u]se or threaten the immediate use of force against another." Force is defined as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing."[3]
 {¶ 7} In the case at bar, Rutledge concedes that he committed a theft offense but argues that the state failed to prove that he used or threatened the use of force. He argues that he should have been convicted of the lesser-included-offense of theft by threat or theft by intimidation, which requires a threat of "disagreeable consequences," rather than a threat of force.[4] We disagree.
 {¶ 8} The Ohio Supreme Court has held that the "use or threat of immediate use of force element of the offense of robbery * * * is satisfied if the fear of the alleged victim was of such a nature as in reason and common experience is likely to induce a person to part with property against his will and temporarily suspend his power to exercise his will by virtue of the influence of the terror impressed."[5] This test for force or the threat of force is objective and is to be applied under the totality of the circumstances.[6]
 {¶ 9} A threat of force does not need to be direct or explicit. Instead, it can be implied from the perpetrator's demeanor and tone of voice.[7] Direct proof of the victim's fear and apprehension is not necessary to establish the element of force when the trier of fact may reasonably find that the defendant's statements, actions, and demeanor had that effect upon the victim.[8] But proof of the victim's state of mind is relevant in determining whether a reasonable person would have thought that the offender was threatening the immediate use of force.[9]
 {¶ 10} Here, Rutledge entered the bank with his face obscured by a hat and sunglasses and sternly demanded that Doss give him all the money with no dye packs. When Doss hesitated, he demanded that she hurry. Doss testified that she could not see Rutledge's hands except for the brief period of time when he handed her the bag, and that she was unsure whether he had a weapon. She stated that she feared Rutledge would cause her harm if she did not do as he said, and, under the circumstances, there was sufficient evidence that her fear of imminent harm was reasonable. And while Rutledge points to his own testimony that he did not act in a threatening manner, the trial court did not lose its way in finding him guilty of the offense. The first and second assignments of error are overruled.
 {¶ 11} In his third and final assignment of error, Rutledge argues that the trial court erred in imposing more than the minimum term of imprisonment. To impose more than the minimum sentence for an offender who has not previously served a prison term, the trial court must find on the record that the minimum term would demean the seriousness of the offense or would not adequately protect the public from future crime by the offender or others.[10] Here, the trial court failed to make either finding. The third assignment of error is accordingly sustained.
 {¶ 12} The judgment of the trial court is affirmed in part and reversed in part. The sentence is vacated, and the cause is remanded for resentencing consistent with this Judgment Entry.
 {¶ 13} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Painter, JJ.
[1] State v. Waddy (1992), 63 Ohio St.3d 424, 430, 588 N.E.2d 819.
[2] State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52,678 N.E.2d 541.
[3] R.C. 2901.01(A)(1).
[4] See State v. Stone (Jan. 31, 1996), 1st Dist. No. C-950185, citing State v. Davis (1983), 6 Ohio St.3d 91, 451 N.E.2d 772.
[5] Davis, supra, paragraph one of the syllabus.
[6] State v. Bush (1997), 119 Ohio App.3d 146, 150, 694 N.E.2d 984, citing State v. Habtemariam (1995), 103 Ohio App.3d 425,659 N.E.2d 850.
[7] Bush, supra, at 150, 694 N.E.2d 984.
[8] Id. at 152, 694 N.E.2d 984.
[9] Id.
[10] R.C. 2929.14(B).