[Cite as *State v. Trice*, 2013-Ohio-2004.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Sheila G. Farmer, J. |
| -vs- | |
| | Case No. 12-CA-42 |
| ROBERT TRICE | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Fairfield County Common
Pleas Court, Case No. 2012-CR-0168

JUDGMENT:                Affirmed

DATE OF JUDGMENT ENTRY:        May 13, 2013

APPEARANCES:

For Plaintiff-Appellee            For Defendant-Appellant

GREGG MARX                AARON CONRAD
Prosecuting Attorney            Conrad Law Office LLC
                    120 ½ E. Main Street
By: JOCELYN S. KELLY            Lancaster, Ohio 43130
Assistant Prosecuting Attorney
239 W. Main Street, St. 101
Lancaster, Ohio 43130

*Hoffman, J.*

{¶1} Defendant-appellant Robert Trice appeals his conviction entered by the Fairfield County Court of Common Pleas.  Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On April 3, 2012, Appellant entered the Circle K store in Pickerington, Ohio.  He engaged in a brief conversation with the store clerk, while fidgeting with his hands.  He approached the entrance to the counter/register area, and quickly picked up his pace.  He hurriedly entered the area behind the counter and near the cash register, where the clerk was standing.  The clerk immediately jumped over the counter. Appellant jumped the counter following the store clerk.  The store clerk left the store. Appellant then returned to the area behind the counter, where he proceeded to take approximately $1200 worth of cigarettes.

{¶3} The Fairfield County Grand Jury indicted Appellant on one count of robbery, in violation of R.C. 2911.02(A)(3); one count of burglary, in violation of R.C. 2911.12(A)(1); and one count of theft, in violation of R.C. 2913.02.  Following a trial to a jury, Appellant was found guilty of the robbery and theft charges, but not guilty of the burglary charge.  On June 27, 2012, the trial court sentenced Appellant to a total of thirty six months in prison.

{¶4} Appellant now appeals, assigning as error:

{¶5} "I. THE TRIAL COURT ERRED BY OVERRULING APPELLANT'S CRIMINAL RULE 29 MOTION FOR JUDGMENT OF ACQUITTAL, AS THE PROSECUTION FAILED TO PROVE ALL THE ELEMENTS OF THE CHARGE OF ROBBERY.

{¶6} "II. THE JURY VERDICT FOR THE CHARGE OF ROBBERY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶7} "III. THE COURT ERRED IN NOT INSTRUCTING THE JURY ON THE LESSER INCLUDED OFFENSE OF THEFT BY FORCE."

I. and II.

{¶8} Appellant's first and second assignments of error raise common and interrelated issues; therefore, we will address the arguments together.

{¶9} Appellant maintains the trial court erred in overruling his Criminal Rule 29 motion for judgment of acquittal and the jury verdict for the charge of robbery was against the manifest weight of the evidence as the state failed to prove the element of force or threat of force.

{¶10} Under Criminal Rule 29(A) of the Ohio Rules of Criminal Procedure, a defendant is entitled to a judgment of acquittal on a charge against him "if the evidence is insufficient to sustain a conviction...." Whether a conviction is supported by sufficient evidence is a question of law this Court reviews de novo. *State v. Thompkins,* 78 Ohio St.3d 380, 386 (1997); *State v. West,* 9th Dist. No. 04CA008554, 2005–Ohio–990, ¶ 33. We must determine whether, viewing the evidence in a light most favorable to the prosecution, it could have convinced the average finder of fact of Appellant's guilt beyond a reasonable doubt. *State v. Jenks,* 61 Ohio St.3d 259, paragraph two of the syllabus (1991).

{¶11} Appellant also argues his conviction for robbery is against the manifest weight of the evidence. If a defendant argues his conviction is against the manifest weight of the evidence, we "must review the entire record, weigh the evidence and all

reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice the conviction must be reversed and a new trial ordered." *State v. Otten,* 33 Ohio App.3d 339, 340 (9th Dist.1986).

**{¶12}** Appellant was convicted of robbery, in violation of R.C. 2911.02(A)(3), which reads:

**{¶13}** "(A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:

**{¶14}** "***

**{¶15}** "(3) Use or threaten the immediate use of force against another."

**{¶16}** The use of force element is satisfied "if the fear of the alleged victim was of such a nature as in reason and common experience is likely to induce a person to part with property against his will and temporarily suspend his power to exercise his will by virtue of the influence of the terror impressed." *State v. Davis* (1983), 6 Ohio St.3d 91. The test for force is objective and relies on the totality of the circumstances. *State v. Habtemariam* (1995), 103 Ohio App.3d 425. A victim's fear of harm must be objectively reasonable under the circumstances. *State v. Bush* (1997), 119 Ohio App.3d 146.

**{¶17}** A review of the record and the videotape evidence of the store surveillance demonstrate Appellant entered the store, engaged in a brief conversation with the store clerk while dressed in dark apparel and making furtive movements. He rapidly approached the entrance to the area behind the counter, where the store clerk stood next to the cash register. Appellant almost ran towards the store clerk

approaching at a hurried speed.  The clerk then jumped the counter as Appellant approached, at which point Appellant jumped the counter and followed the clerk.  When the store clerk left the store, Appellant returned to the area behind the counter and proceeded to take a large quantity of cigarettes.

**{¶18}**  Based upon our review of the record and the evidence presented at trial, we find the trial court did not err in overruling the Criminal Rule 29 motion for acquittal and Appellant's conviction for robbery is not against the manifest weight of the evidence.  There is sufficient, credible evidence demonstrating Appellant engaged in a theft offense and the store clerk's fear of the threat of force was objectively reasonable under the totality of the circumstances.

**{¶19}**  The first and second assignments of error are overruled.

III.

**{¶20}**  In the third assigned error, Appellant argues the trial court erred in failing to instruct the jury on the lesser included offense of theft by force.

**{¶21}**  Ohio Criminal Rule 30(A) provides,

**{¶22}**  "(A) Instructions; error; record

**{¶23}**  "At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. Copies shall be furnished to all other parties at the time of making the requests. The court shall inform counsel of its proposed action on the requests prior to counsel's arguments to the jury and shall give the jury complete instructions after the arguments are completed. The court also may give some or all of its instructions to the jury prior to counsel's arguments. The court shall reduce its final

instructions to writing or make an audio, electronic, or other recording of those instructions, provide at least one written copy or recording of those instructions to the jury for use during deliberations, and preserve those instructions for the record.

**{¶24}** "On appeal, a party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection. Opportunity shall be given to make the objection out of the hearing of the jury."

**{¶25}** Because Appellant did not object to the jury instructions given by the trial court, he has waived all but plain error. *State v. Underwood* (1983), 3 Ohio St.3d 12. Plain error is established when it is shown, but for the error, the outcome clearly would have been otherwise. Id.

**{¶26}** As set forth in our analysis and disposition of the first and second assignments of error, there was sufficient, competent evidence for the jury to convict Appellant on the count of robbery. Accordingly, Appellant has not demonstrated plain error in the trial court's failure to instruct the jury on the lesser included offense of theft by force.

**{¶27}** The third assignment of error is overruled.

{¶28} Appellant's conviction in the Fairfield County Court of Common Pleas is affirmed.

By: Hoffman, J.

Gwin, P.J. and

Farmer, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                               :
                                            :
    Plaintiff-Appellee                   :
                                            :
-vs-                                        :          JUDGMENT ENTRY
                                            :
ROBERT TRICE                                :
                                            :
    Defendant-Appellant                  :          Case No. 12-CA-42


For the reasons stated in our accompanying Opinion, Appellant's conviction in the Fairfield County Court of Common Pleas is affirmed. Costs to Appellant.


s/ William B. Hoffman
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin
HON. W. SCOTT GWIN


s/ Sheila G. Farmer
HON. SHEILA G. FARMER