COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2018CA00145 |
| JENNIFER JETER | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:          Criminal appeal from the Stark County
                                                              Court of Common Pleas, Case No.
                                                              2018CR0920

JUDGMENT:                                       Affirmed

DATE OF JUDGMENT ENTRY:          June 14, 2019

APPEARANCES:

For Plaintiff-Appellee                          For Defendant-Appellant

JOHN D. FERRERO                            RICK PITINII
STARK COUNTY PROSECUTOR          Chase Tower
BY: RONALD MARK CALDWELL          101 Central Plaza South, Ste. 1000
110 Central Plaza South                      Canton, OH 44702
Canton, OH  44702

*Gwin, P.J.*

{¶1} Defendant-appellant Jennifer Jeter ["Jeter"] appeals from her conviction and sentence after a jury trial in the Stark County Court of Common Pleas on one count of robbery, a felony of the third degree.

*Facts and Procedural History*

{¶2} On Friday, May 18, 2018, Katie Chandler, the store manager for the Family Dollar store in Canton, Ohio opened the store as usual. After opening the store, Chandler saw Jeter entered the store. Chandler told Jeter, "Jennifer Jeter you know you're not allowed in here, please leave." T. at 161.[1] Jeter was known to have stolen from the store numerous times, so she was not welcome. Jeter responded to Chandler, "Bitch, how do you know my name." She walked past Chandler toward the back of the store where the coolers were located. T. at 162. Chandler directed another store employee, Crystal Dickson, to walk back to this part of the store to watch Jeter. Dickson saw Jeter stash trash bags and candy into a shoulder bag. After Dickson reported this to Chandler, Chandler told Dickson to go to the back door of the store to stand guard. Chandler waited for Jeter at the front of the store. Chandler was hoping to stop Jeter from stealing anything without having to call the police.

{¶3} Shortly afterwards, Jeter came to the front of the store, walking past the checkout points and cash registers. According to Chandler, the following confrontation took place between her and Jeter,

> She gets in my face. And, then, it's – I consider it a chest bump, she,
>
> you know we're women…And then she swings and I swing...

---

[1] For clarity, the transcript of the September 10, 2018 jury trial will be referred to by volume and page number as "T."

T. at 165. Chandler testified that she and Jeter touch chests. T. at 182. Jeter then swung at Chandler and missed. T. at 183. A seven-minute altercation beginning inside the store and spilling out into the parking lot then ensued. T. at 165-166. The incident was captured by the store video surveillance system. State's Exhibit 1.

{¶4} Jeter did not testify or present evidence.

{¶5} The trial court instructed the jury on the lesser-included offense of petty theft. The jury, upon reviewing the instructions and the evidence presented at trial, found Jeter guilty of the robbery charge. The trial court sentenced Jeter to a prison term of 36 months.

*Assignment of Error*

{¶6} Jeter raises one assignment of error,

{¶7} "I. APPELLANT'S CONVICTIONS WERE AGAINST THE SUFFICIENCY AND MANIFEST WEIGHT OF THE EVIDENCE."

*Law and Analysis*

**STANDARD OF APPELLATE REVIEW.**

*Sufficiency of the Evidence.*

{¶8} The Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury...." This right, in conjunction with the Due Process Clause, requires that each of the material elements of a crime be proved to a jury beyond a reasonable doubt. *Alleyne v. United States*, 570 U.S. __, 133 S.Ct. 2151, 2156, 186 L.Ed.2d 314 (2013); *Hurst v. Florida*, 136 S.Ct. 616, 621, 193 L.Ed.2d 504 (2016). The test for the sufficiency of the evidence involves a question of law for resolution by the appellate court. *State v. Walker,* 150 Ohio St.3d 409,

2016-Ohio-8295, 82 N.E.3d 1124, ¶30. "This naturally entails a review of the elements of the charged offense and a review of the state's evidence." *State v. Richardson,* 150 Ohio St.3d 554, 2016-Ohio-8448, 84 N.E.3d 993, ¶13.

{¶9} When reviewing the sufficiency of the evidence, an appellate court does not ask whether the evidence should be believed. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus: *Walker,* at ¶30. "The relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus. *State v. Poutney,* 153 Ohio St.3d 474, 2018-Ohio-22, 97 N.E.3d 478, ¶19. Thus, "on review for evidentiary sufficiency we do not second-guess the jury's credibility determinations; rather, we ask whether, '*if believed*, [the evidence] would convince the average mind of the defendant's guilt beyond a reasonable doubt.'" *State v. Murphy*, 91 Ohio St.3d 516, 543, 747 N.E.2d 765 (2001), *quoting Jenks* at paragraph two of the syllabus (emphasis added); *Walker* at ¶31. We will not "disturb a verdict on appeal on sufficiency grounds unless 'reasonable minds could not reach the conclusion reached by the trier-of-fact.'" *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, ¶ 94, *quoting State v. Dennis*, 79 Ohio St.3d 421, 430, 683 N.E.2d 1096 (1997); *State v. Montgomery*, 148 Ohio St.3d 347, 2016-Ohio-5487, 71 N.E.3d 180, ¶74.

### ISSUE FOR APPEAL

*A.    Whether, after viewing the evidence in the light most favorable to the prosecution, the evidence, "if believed, would convince the average mind of the defendant's guilt on each element of the crimes beyond a reasonable doubt."*

{¶10} In her assignment of error, Jeter contends that her "Chest bump" was not a use of force sufficient to support a conviction for robbery. Jeter contends that the store manager initiated the physical confrontation.

{¶11} Jeter was convicted of Robbery. R.C. 2911.02(A)(3) provides,

(A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:

* * *

(3) Use or threaten the immediate use of force against another.

{¶12} "Force" is defined as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." R.C. 2901.01(A)(1).

{¶13} The Ohio Supreme Court has held:

The use or threat of immediate use of force element of the offense of robbery * * * is satisfied if the fear of the alleged victim was of such a nature as in reason and common experience is likely to induce a person to part with property against his will and temporarily suspend his power to exercise his will by virtue of the influence of the terror impressed.

*State v. Davis*, 6 Ohio St.3d 91, 451 N.E.2d 772 (1983), paragraph one of the syllabus.

{¶14} In *State v. Hoskin* the Court of Appeals noted,

Courts have also held that a defendant's actions and demeanor may support a finding of a threat of force. *State v. Bentley*, 69 Ohio App.3d 33, 36, 590 N.E.2d 21 (9th Dist.1990), *citing State v. Carter*, 29 Ohio App.3d 148, 150, 504 N.E.2d 469 (9th Dist.1985). The threat of violence,

compulsion, or constraint need not be direct and explicit. *State v. Bush*, 119 Ohio App.3d 146, 150, 694 N.E.2d 984 (2nd Dist.1997). With respect to whether a criminal defendant charged with robbery has threatened an immediate use of force, "evidence of whether the victim actually perceived a threat is not necessary; evaluation of the nature of a threat is subject to an objective, not subjective, test." *State v. Sumlin*, 8th Dist. Cuyahoga No. 76261, 2000 WL 776986(June 15, 2000), *citing Davis* at 94, 451 N.E.2d 772; *State v. Habtemariam*, 103 Ohio App.3d 425, 429, 659 N.E.2d 850 (10th Dist.1995). The test for force or threat of force is based on the totality of the circumstances. *Habtemariam* at 429, 659 N.E.2d 850.

8th Dist. Cuyahoga No. 107315, 2019-Ohio-1987, ¶39. This Court has recognized,

The use of force element is satisfied "if the fear of the alleged victim was of such a nature as in reason and common experience is likely to induce a person to part with property against his will and temporarily suspend his power to exercise his will by virtue of the influence of the terror impressed." *State v. Davis* (1983), 6 Ohio St.3d 91, 451 N.E.2d 772. The test for force is objective and relies on the totality of the circumstances. *State v. Habtemariam* (1995), 103 Ohio App.3d 425, 659 N.E.2d 850. A victim's fear of harm must be objectively reasonable under the circumstances. *State v. Bush* (1997), 119 Ohio App.3d 146, 694 N.E.2d 984.

*State v. Trice,* 5th Dist. Fairfield No. 12-CA-42, 2004-Ohio-2004, ¶16. A review of the record in this case viewing the totality of the circumstances we find that the evidence

supports a finding under the objective test that Jeter used or threaten the immediate use of force. The state presented evidence that Jeter refused all requests to put the merchandise back and leave the store peaceably. She continued to put items in her purse even when directly confronted by the store clerk. Dickson testified that Jeter got in her face at which time Dickson left her alone. T. at 190-191; 193-194. Jeter told Chandler "I'm not going to put it back. Fuck You!" T. at 165. She then bumped Chandler and attempted to punch her.

{¶15} Viewing the evidence in the case at bar in a light most favorable to the prosecution, we conclude that a reasonable person could have found beyond a reasonable doubt that Jeter had committed the crime of Robbery.

{¶16} We hold, therefore, that the state met its burden of production regarding each element of the crime of Robbery and, accordingly, there was sufficient evidence to submit the charge to the jury and to support Jeter's conviction.

*Manifest weight of the evidence.*

{¶17} As to the weight of the evidence, the issue is whether the jury created a manifest miscarriage of justice in resolving conflicting evidence, even though the evidence of guilt was legally sufficient. *State v. Thompkins*, 78 Ohio St.3d 380, 386–387, 678 N.E.2d 541 (1997), *superseded by constitutional amendment on other grounds as stated by State v. Smith,* 80 Ohio St.3d 89, 684 N.E.2d 668, 1997–Ohio–355; *State v. Issa*, 93 Ohio St.3d 49, 67, 752 N.E.2d 904 (2001).

> "[I]n determining whether the judgment below is manifestly against
> the weight of the evidence, every reasonable intendment and every

reasonable presumption must be made in favor of the judgment and the finding of facts.

* * *

"If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the verdict and judgment."

*Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984), fn. 3, *quoting* 5 Ohio Jurisprudence 3d, Appellate Review, Section 60, at 191–192 (1978).

{¶18} The reviewing court must bear in mind, however, that credibility generally is an issue for the trier of fact to resolve. *State v. Issa*, 93 Ohio St.3d 49, 67, 752 N.E.2d 904 (2001); *State v. Murphy*, 4th Dist. Ross No. 07CA2953, 2008–Ohio–1744, ¶ 31. Because the trier of fact sees and hears the witnesses and is particularly competent to decide whether, and to what extent, to credit the testimony of particular witnesses, the appellate court must afford substantial deference to its determinations of credibility. *Barberton v. Jenney*, 126 Ohio St.3d 5, 2010–Ohio–2420, 929 N.E.2d 1047, ¶ 20. In other words, "[w]hen there exist two fairly reasonable views of the evidence or two conflicting versions of events, neither of which is unbelievable, it is not our province to choose which one we believe." *State v. Dyke*, 7th Dist. Mahoning No. 99 CA 149, 2002–Ohio–1152, at ¶ 13, citing *State v. Gore*, 131 Ohio App.3d 197, 201, 722 N.E.2d 125(7th Dist. 1999). Thus, an appellate court will leave the issues of weight and credibility of the evidence to the fact finder, as long as a rational basis exists in the record for its decision. *State v. Picklesimer,* 4th Dist. Pickaway No. 11CA9, 2012–Ohio–1282, ¶ 24.

{¶19} Once the reviewing court finishes its examination, an appellate court may not merely substitute its view for that of the jury, but must find that " 'the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins, supra*, 78 Ohio St.3d at 387, *quoting State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717, 720–721(1st Dist. 1983). Accordingly, reversal on manifest weight grounds is reserved for "the exceptional case in which the evidence weighs heavily against the conviction." Id.

ISSUE FOR APPEAL.

*B.    Whether the jury court clearly lost their way and created such a manifest miscarriage of justice that the convictions must be reversed and a new trial ordered.*

{¶20} The jury as the trier of fact was free to accept or reject any and all of the evidence offered by the parties and assess the witness's credibility. "While the trier of fact may take note of the inconsistencies and resolve or discount them accordingly * * * such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence." *State v. Craig,* 10th Dist. Franklin No. 99AP–739, 1999 WL 29752 (Mar 23, 2000) *citing State v. Nivens*, 10th Dist. Franklin No. 95APA09–1236, 1996 WL 284714 (May 28, 1996). Indeed, the trier of fact need not believe all of a witness' testimony, but may accept only portions of it as true. *State v. Raver*, 10th Dist. Franklin No. 02AP–604, 2003–Ohio–958, ¶ 21, *citing State v. Antill*, 176 Ohio St. 61, 67, 197 N.E.2d 548 (1964); *State v. Burke*, 10th Dist. Franklin No. 02AP–1238, 2003–Ohio–2889, *citing State v. Caldwell*, 79 Ohio App.3d 667, 607 N.E.2d 1096 (4th Dist. 1992). Although the evidence may have been circumstantial, we note that circumstantial evidence has the same probative value as direct evidence. *State v. Jenks*, 61 Ohio St.3d 259, 272, 574

N.E.2d 492 (1991), paragraph one of the syllabus, *superseded by State constitutional amendment on other grounds as stated in State v. Smith*, 80 Ohio St.3d 89, 102 at n.4, 684 N.E.2d 668 (1997).

{¶21} In the case at bar, the jury heard the witnesses, viewed the evidence and viewed a video of the events as they occurred in real time. The jury further heard Jeter's arguments and explanations about her actions. Thus, a rational basis exists in the record for the jury's decision.

{¶22} We find that this is not an "'exceptional case in which the evidence weighs heavily against the conviction.'" *State v. Thompkins*, 78 Ohio St.3d 380, 386–387, 678 N.E.2d 541 (1997), *quoting Martin*, 20 Ohio App.3d at 175, 485 N.E.2d 717. Based upon the foregoing and the entire record in this matter we find Jeter's conviction is not against the sufficiency or the manifest weight of the evidence. To the contrary, the jury appears to have fairly and impartially decided the matters before them. The jury was instructed on the lesser theft offense. The jury heard the witnesses, evaluated the evidence, and was convinced of Jeter's guilt of the robbery offense. The jury neither lost his way nor created a miscarriage of justice in convicting Jeter of Robbery.

{¶23} Finally, upon careful consideration of the record in its entirety, we find that there is substantial evidence presented which if believed, proves all the elements of the crime for which Jeter was convicted.

{¶24} Jeter's First Assignments of Error is overruled.

{¶25} The judgment of the Stark County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Wise, John, J., and

Delaney, J., concur