OPINION
{¶ 1} Appellant Jasper Lee Robinson appeals his conviction for cocaine possession in the Court of Common Pleas, Stark County. The appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.
 {¶ 2} On June 22, 2004, officials from the Ohio Adult Parole Authority obtained information that appellant, who was wanted on a warrant for absconding from parole, was at the outdoor basketball courts near 25th Street and Cleveland Ave. NW in Canton. A group of parole officers and Canton police officers, including Parole Officer Steve Doss and Canton Police Detective Joe Mongold, proceeded to the area and conducted surveillance for about thirty minutes. During this time, appellant was observed playing basketball and using a cell phone. The officers thereupon surrounded and apprehended appellant. A male juvenile at the basketball court, Caleb Beasley, was also temporarily detained. A set of car keys was located underneath the cell phone used by appellant, which he had placed on the ground. The officers soon discovered the keys fit a nearby Cadillac, which had expired plates. Upon conducting an inventory search of the Cadillac, the police found a pair of shorts, the pockets of which held U.S. currency and a cellophane bag containing about nine grams of cocaine powder. Appellant admitted to the officers that the cash and cocaine were his, not the juvenile's.
 {¶ 3} Appellant was arrested and subsequently indicted on one count of possession of cocaine, R.C. 2925.11(A)(C)(4)(b), a fourth-degree felony. Appellant entered a plea of not guilty. During the pretrial phase of the case, appellant filed a motion to suppress, alleging he had not been advised of his Miranda rights. A suppression hearing was conducted on September 20, 2004, following which the motion was denied. A jury trial was conducted on September 29, 2004. The jury returned a guilty verdict, and the trial court thereafter sentenced appellant to eighteen months in prison.
 {¶ 4} Appellant filed a notice of appeal on October 30, 2004. He herein raises the following two Assignments of Error:
 {¶ 5} "I. APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO A FAIR TRIAL BY THE PROSECUTING ATTORNEY'S FAILURE TO DISCLOSE EVIDENCE FAVORABLE TO THE APPELLANT.
 {¶ 6} "II. APPELLANT WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHICH RESULTED IN A DENIAL OF HIS RIGHT TO A FAIR TRIAL.
 I. {¶ 7} In his First Assignment of Error, appellant contends he was denied a fair trial due to the alleged failure of the prosecutor to disclose evidence favorable to appellant. We disagree.
 {¶ 8} Crim. R. 16(B)(1)(f) reads: "Upon motion of the defendant before trial the court shall order the prosecuting attorney to disclose to counsel for the defendant all evidence, known or which may become known to the prosecuting attorney, favorable to the defendant and material either to guilt or punishment. * * *." However, "[w]hen reviewing assertions of prosecutorial misconduct in connection with the prosecutor's alleged suppression of evidence, the key issue is whether the evidence suppressed is material. Such evidence is material only if a reasonable probability exists that the result of the trial would have been different had the prosecution disclosed such evidence to the defense." State v. Green, Cuyahoga App. No. 81232, 2003-Ohio-1722, citingBrady v. Maryland (1963), 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome of the trial. United States v. Bagley (1985),473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481. Accordingly, in order to establish a Brady violation, a defendant must prove that the prosecution failed to disclose evidence upon request, the evidence was favorable to the defense, and the evidence was material. State v. Garn
(Feb. 21, 2003), Richland App. No. 02CA45, citing Moore v. Illinois
(1972), 408 U.S. 786, 92 S.Ct. 2562, 33 L.Ed.2d 706.
 {¶ 9} The gist of appellant's arguments centers on the testimony of Parole Officer Doss. Appellant first contends that Doss testified to obtaining incriminating statements from appellant prior to the Miranda
warnings which were subsequently given at the scene by Detective Mongold. He then argues that prosecutorial misconduct occurred when the State failed to disclose these non-Mirandized statements prior to the suppression hearing so that the trial court could have determined their admissibility before Doss got on the stand at trial.
 {¶ 10} We first note that appellant's trial counsel did not object to Doss's testimony on this basis. See, e.g., State v. 1981 Dodge Ram Van
(1988), 36 Ohio St.3d 168, 170. Nonetheless, a review of the record indicates that the State filed a response to appellant's request for discovery pursuant to Crim. R. 16 on August 17, 2004, which notified appellant of the names and addresses of witnesses with discoverable information and which contained a summary of his incriminating statements made to law enforcement officials. Furthermore, on September 27, 2004, two days prior to trial, the State provided a supplemental response containing the following information: "Defendant's Statement: Defendant stated that the drugs did not belong to the juvenile. Defendant stated he had $137.00 in his pocket and asked if he could take that to put on his books." Moreover, assuming, arguendo, the court would have suppressed the statements appellant made to Doss, trial testimony nonetheless demonstrates appellant made similar incriminating post-Miranda statements to Officer Mongold, as revealed in the following exchange during the State's case-in-chief:
 {¶ 11} "Q. Well, let's talk about the statements that the defendant made. Did you have an opportunity to talk with the defendant?
 {¶ 12} "A. Yes, I did.
 {¶ 13} "Q. When was that?
 {¶ 14} "A. Ah, shortly after I inventoried the vehicle, I proceeded up to the, the vehicle that Mr. Robinson was located in, ah, with Agent Baxter and Agent Doss, I did read the defendant his constitutional rights, asked him if he was willing to speak with me, told him that I was interested about the items that were located in the vehicle. I told him if the cocaine belonged to him. He said, yes, it did. I asked him if the currency belonged to him and he said, yes, it did.
 {¶ 15} "Q. Did he make any other statements to you while he was talking?
 {¶ 16} "A. He stated that the drug did not belong to Caleb Beasley." Tr. at 182-183.
 {¶ 17} The United States Supreme Court has aptly recognized that the Constitution is not violated every time the government fails or chooses not to disclose evidence that might prove helpful to the defense.Bagley, supra, at 675. In the case sub judice, upon review of the entire record, we find appellant has failed to demonstrate the existence of a reasonable probability that the result of the trial would have been different had the prosecution earlier and more specifically disclosed the evidence pertaining to Doss. Brady, supra.
 {¶ 18} Accordingly, appellant's First Assignment of Error is overruled.
 II. {¶ 19} In his Second Assignment of Error, appellant argues he was deprived of the effective assistance of counsel at trial. We disagree.
 {¶ 20} Our standard of review is set forth in Strickland v.Washington (1984), 466 U.S. 668. Ohio adopted this standard in the case of State v. Bradley (1989), 42 Ohio St.3d 136. These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel. First, we must determine whether counsel's assistance was ineffective; whether counsel's performance fell below an objective standard of reasonable representation and was violative of any of his essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different. Id. Trial counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. State v. Sallie (1998),81 Ohio St.3d 673, 675.
 {¶ 21} Appellant specifically urges that his trial counsel was deficient for (1) failing to object to the testimony of Parole Officer Doss and (2) failing to require Doss to testify at the suppression hearing. However, as per our analysis in appellant's First Assignment of Error, based in particular on Officer Mongold's corroborating testimony regarding appellant's admission to ownership of the cocaine, we are unable to find a demonstration of prejudice suffered by appellant as a result of trial counsel's performance under the facts and circumstances in this case. We reiterate that a reviewing court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. Bradley at 143, quoting Strickland at 697.
 {¶ 22} We therefore hold appellant was not deprived of the effective assistance of trial counsel. Appellant's Second Assignment of Error is therefore overruled.
 {¶ 23} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
Wise, J. Boggins, P.J., and Gwin, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Costs to appellant.