OPINION *Page 2 
{¶ 1} Appellant Julius Ahmad-Rashad Lancaster appeals his conviction for robbery in the Court of Common Pleas, Stark County. The relevant facts leading to this appeal are as follows.
 {¶ 2} On the morning of November 9, 2006, Thomas Stull, a courier for Federal Express, stopped at the residential address of 1721 Frederick Avenue SW, Canton, to deliver a boxed package from a sender in Arizona. Stull observed two individuals, a male and a female, entering and exiting the rear of the house. Stull started towards those two individuals to obtain a receipt signature for the Fed Ex package.
 {¶ 3} However, at that time, a man who had been sitting in a Jeep out front approached Stull and asked him to go to the front of the house. Stull did so, but no one answered his knock on the door. As Stull began moving toward the back of the house a second time, he again encountered the man from the Jeep. Stull informed this man that he could give him the package directly, but that he would be required to show photo identification displaying either the house's address or the name of the package addressee.
 {¶ 4} At that point, an individual later identified as appellant exited the Jeep and told the other man to sign for the package. The other man responded by telling appellant to sign. Stull told appellant that he likewise would need a photo i.d., which appellant said he did not have.
 {¶ 5} Stull thereupon unsuccessfully tried to obtain identification from the male and female who he had originally seen at the back of the house. He then returned to the front area of the house. Becoming increasingly suspicious, Stull decided to note the *Page 3 
Jeep's license number and contact his dispatcher via cell phone. As Stull completed his call, appellant grabbed the box, which Stull had continued to hold by two of the corners. In so doing, appellant lowered his shoulder into Stull and put his body in between the box and Stull. Appellant also grabbed the opposite corners of the box. Stull asked appellant what he was doing, to which appellant replied: "Don't go there." Tr. at 107. At that point, appellant decided to let go. Appellant then ran off with the package.
 {¶ 6} On November 9, 2006, appellant was indicted by the Stark County Grand Jury on one count of robbery, a felony of the third degree, and one count of attempted possession of marihuana. Appellant pled not guilty to both charges.
 {¶ 7} The matter proceeded to a jury trial on March 12, 2007. At the close of the State's evidence, appellant moved for an instruction on the lesser included offense of theft, which the court denied. Appellant presented no witnesses in his defense. The jury found appellant guilty of robbery, but not guilty of attempted possession of marihuana. On March 22, 2007, the trial court sentenced appellant to a prison term of four years for robbery.
 {¶ 8} On April 23, 2007, appellant filed a notice of appeal. He herein raises the following four Assignments of Error:
 {¶ 9} "I. THE TRIAL COURT ERRED WHEN IT FAILED TO INSTRUCT THE JURY ON THE LESSER-INCLUDED OFFENSE OF THEFT THUS DENYING APPELLANT OF HIS FUNDAMENTAL RIGHT TO A FAIR TRIAL.
 {¶ 10} "II. THE APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF HIS RIGHTS PURSUANT TO THE *Page 4 SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION.
 {¶ 11} "III. THE APPELLANT'S CONVICTION WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE.
 {¶ 12} "IV. THE APPELLANT'S CONVICTIONS ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 I. {¶ 13} In his First Assignment of Error, appellant contends the trial court erred in declining to instruct the jury on the lesser included offense of theft. We disagree.
 {¶ 14} When reviewing a court's refusal to give a requested jury instruction, an appellate court considers whether the trial court's refusal to give said instruction was an abuse of discretion under the facts and circumstances of the case. State v. Wolons (1989),44 Ohio St.3d 64, 68. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 15} There is no dispute in the present appeal that theft is a lesser included offense of robbery. See, e.g., State v. Thomas, Cuyahoga App. No. 88548, 2007-Ohio-3522, ¶ 28. Nonetheless, a party is not entitled to an instruction on a lesser included offense unless the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense. See State v. Anderson, Butler App. No. CA 2005-06-156, 2006-Ohio-2714, ¶ 10. In making this determination, the court must view the evidence in the light most favorable to a *Page 5 
defendant. Id. But an instruction on a lesser included offense is not warranted every time "some evidence" is presented to support the inferior offense. See State v. Shane (1992), 63 Ohio St.3d 630. There must be "sufficient evidence" to "allow a jury to reasonably reject the greater offense and find the defendant guilty on a lesser included (or inferior degree) offense." (Emphasis sic.) Id. at 632-633.
 {¶ 16} The relevant section of Ohio's robbery statute, R.C.2911.02(A)(3), states that "[n]o person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall * * * [u]se or threaten the immediate use of force against another." Thus, in order for the trial court to have instructed the jury in this case on the offense of theft, the evidence at trial must have supported the theory that appellant, with purpose to deprive the owner of the Fed Ex box, knowingly obtained or exerted control over the box (see R.C.2913.02(A)), while not upholding the theory that he engaged in the act of theft with the use of force or the immediate threat of force.
 {¶ 17} The record in the case sub judice reveals Stull's recollection that appellant grabbed at the Fed Ex package while dropping his shoulder and pushing into Stull's chest/shoulder area. Tr. at 106-107. Stull noted that appellant placed his person between the package and Stull, in what he described as a "checking" move in basketball or football. Id. When Stull asked what he was doing, appellant stated "[d]on't go there." Tr. at 107. Stull decided the struggle was not worth potential injury, and let go. Stull also recalled deciding to take some sick time and leave early from his shift. Tr. at 111. *Page 6 
 {¶ 18} Pursuant to R.C. 2901.01(A), force is defined as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." The "use or threat of immediate use of force against another" requirement is satisfied "`if the fear of the alleged victim was of such a nature as in reason and common experience is likely to induce a person to part with property against his will and temporarily suspend his power to exercise his will by virtue of the influence of the terror impressed.'" State v. Brown, Stark App. No. 2002CA00040, 2002-Ohio-5107, ¶ 21, quoting State v. Davis (1983),6 Ohio St.3d 91, 94, 451 N.E.2d 772. We find upon review that no reasonable juror could have rejected the robbery charge and concluded that the taking of the box was without force or the immediate threat of force. Accordingly, we hold the trial court did not abuse its discretion in refusing to instruct the jury on the offense of theft.
 {¶ 19} Appellant's First Assignment of Error is overruled.
 II. {¶ 20} In his Second Assignment of Error, appellant contends he was deprived of the effective assistance of trial counsel. We disagree.
 {¶ 21} Our standard of review is set forth in Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Ohio adopted this standard in the case of State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373. These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel. First, we must determine whether counsel's assistance was ineffective; i.e., whether counsel's performance fell below an objective standard of reasonable representation *Page 7 
and was violative of any of his or her essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different. Id.
 {¶ 22} Trial counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. State v. Sallie (1998), 81 Ohio St.3d 673, 675,693 N.E.2d 267. Furthermore, as an appellate court reviewing a claim of ineffective assistance, we "must keep in mind that different trial counsel will often defend the same case in different manners." State v. Samatar,152 Ohio App.3d 311, 787 N.E.2d 691, 2003-Ohio-1639, ¶ 88.
 {¶ 23} Appellant specifically argues that trial counsel was ineffective for failing to object to evidence that a small amount of marihuana was discovered in appellant's house after the execution of a search warrant. However, appellant was charged in this case with both robbery and attempted marihuana possession. Part of the State's prosecution theory was that appellant was utilizing the tactic of having UPS or Fed Ex packages, containing drugs, sent to abandoned houses and later picked up. We find the evidence of the marihuana would likely have been admissible as evidence of appellant's motive, intent, preparation or plan pursuant to Evid.R. 404(B).
 {¶ 24} A reviewing court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the *Page 8 
alleged deficiencies. State v. Robinson, Stark App. No. 2004 CA 00320,2005-Ohio-4843, ¶ 21, citing Bradley at 143. Having reviewed the record in its entirety, we find no showing that appellant was prejudiced by trial counsel's defense of the case on the basis asserted in appellant's brief.
 {¶ 25} Appellant's Second Assignment of Error is overruled.
 III. {¶ 26} In his Third Assignment of Error, appellant maintains his conviction for robbery was not supported by sufficient evidence. We disagree.
 {¶ 27} In considering an appeal concerning the sufficiency of the evidence, our standard is as follows: "* * * [T]he inquiry is, after viewing the evidence in the light most favorable to the prosecution, whether any reasonable trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v.Jenks (1991), 61 Ohio St.3d 259, 273, 574 N.E.2d 492.
 {¶ 28} The statute under which appellant was indicted, R.C.2911.02(A)(3), states that "[n]o person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall * * * [u]se or threaten the immediate use of force against another." As analyzed in our redress of appellant's claim of erroneous jury instructions in his first assigned error, supra, we hold reasonable fact finders would have found the existence of a theft occurrence combined with the use or threatened use of force for purposes of the elements of a robbery conviction.
 {¶ 29} Accordingly, appellant's Third Assignment of Error is overruled. *Page 9 
 IV. {¶ 30} In his Fourth Assignment of Error, appellant contends his robbery conviction was against the manifest weight of the evidence. We disagree.
 {¶ 31} Our standard of review on a manifest weight challenge to a criminal conviction is stated as follows: "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered ." State v. Martin (1983),20 Ohio App.3d 172, 175, 485 N.E.2d 717. See also, State v. Thompkins (1997),78 Ohio St.3d 380, 678 N.E.2d 541. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175, 485 N.E.2d 717.
 {¶ 32} In addition to Stull's testimony as discussed supra, the jury heard the testimony of Canton Police Officer Kevin Sedares, who recalled that he arranged a photo array for Stull later in the afternoon of November 9, 2006. Tr. at 132. According to Sedares, Stull "immediately" identified appellant as the suspect in the earlier robbery. Tr. at 133.
 {¶ 33} The jury also heard testimony from Detective Overdorf and Officer Pierson of the Canton Police Department and Jay Spencer of the Stark Crime Lab; however, much of their testimony pertained to the attempted possession charge for which appellant was ultimately acquitted. Given that appellant did not take the stand and no other defense witnesses were forthcoming, the manifest weight issue in this matter boils down to whether the jury lost its way and created a manifest miscarriage of *Page 10 
justice in weighing the testimony of the robbery victim, Stull. Appellant notes that Stull could not recall certain details, such as the weight of the package, and points out that police did not speak to Stull until after 4:00 PM on the day of the incident, which was alleged to have occurred at about 9:30 A.M. Appellant also raises certain alleged inconsistencies in Stull's recollection regarding the location of the Jeep at the scene and appellant's connection to the vehicle. However, a jury is free to believe all, part, or none of any witness' testimony.State v. Mossburg, Van Wert App. No. 15-06-10, 2007-Ohio-3343, ¶ 46, citing State v. Antill (1964), 176 Ohio St. 61. Upon review of the record, we are unpersuaded that the jury's verdict for robbery was against the manifest weight of the evidence.
 {¶ 34} Appellant's Fourth Assignment of Error is overruled.
 {¶ 35} For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
 Wise, J. Gwin, P. J., and Edwards, J., concur. *Page 11 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is affirmed.
 Costs assessed to Appellant. *Page 1