OPINION *Page 2 
{¶ 1} Appellant Joshua Bannister appeals his conviction, in the Licking County Court of Common Pleas, on one count of rape. The relevant procedural facts leading to this appeal are as follows.
 {¶ 2} On September 22, 2006, the Licking County Grand Jury indicted appellant on two counts of rape (R.C. 2907.02) and one count of kidnapping (R.C. 2905.01), stemming from incidents on September 2 and 3, 2006, involving appellant's then-girlfriend, T.W.
 {¶ 3} Appellant entered a plea of not guilty to all charges. The case proceeded to a jury trial on January 17 and 18, 2007. The jury ultimately found appellant not guilty of kidnapping and one of the rape counts (pertaining to incidents on September 2, 2006), but guilty of the second rape count (pertaining to incidents on September 3, 2006).
 {¶ 4} The trial court conducted a sentencing and sexual predator classification hearing on March 5, 2007. The court thereupon sentenced appellant to a prison term of four years and classified him a sexual predator.
 {¶ 5} Appellant thereafter timely filed a notice of appeal. He herein raises the following four Assignments of Error:
 {¶ 6} "I. THE CONVICTION FOR RAPE IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 7} "II. THE CONVICTION WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE. *Page 3 
 {¶ 8} "III. THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AMENDMENT TO THE FEDERAL CONSTITUTION.
 {¶ 9} "IV. THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO MORE THAN THE MINIMUM SENTENCE."
 I. {¶ 10} In his First Assignment of Error, appellant contends his rape conviction was against the manifest weight of the evidence. We disagree.
 {¶ 11} Our standard of review on a manifest weight challenge to a criminal conviction is stated as follows: "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983),20 Ohio App.3d 172, 175, 485 N.E.2d 717. See, also, State v. Thompkins (1997),78 Ohio St.3d 380, 678 N.E.2d 541. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175, 485 N.E.2d 717.
 {¶ 12} The record reveals T.W.'s testimony that appellant came to her residence on September 3, 2006, at which time he became angry and started punching her with his fists. T.W. recalled being struck several times in the stomach, chest, and head. T.W. began crying and pleaded for appellant to stop hitting her. According to her testimony, T.W. retreated to locked bedroom; however, appellant picked the lock and proceeded to throw the victim around. Appellant then ordered her to go to a downstairs bathroom and *Page 4 
attempted to choke her. T.W. further testified that appellant then told her to go to the living room and forced her to engage in vaginal intercourse and to perform fellatio on him. Tr. at 125-136.
 {¶ 13} T.W. further recalled that after the forced sexual conduct, appellant threatened her with a curling iron and ordered her to get on her hands and knees and make barking noises. Appellant also made her get in and out of a running shower four times, and to lie down naked in a closet. Appellant also assaulted her again by banging her head against the door of the house. Tr. at 137-152.
 {¶ 14} The State also presented nurse testimony that T.W. showed signs of seventeen physical injuries in her medical examination, and that semen was found in her vagina. Appellant emphasizes that T.W. displayed no acute trauma to her genital area, and that the bruising on her body was difficult or impossible to accurately date. Appellant also maintains that no curling iron was found at the scene, and that T.W. had dinner with appellant a couple weeks later. However, upon full review of the record, we are unpersuaded that the jury's verdict for rape was against the manifest weight of the evidence.
 {¶ 15} Appellant's First Assignment of Error is overruled.
 II. {¶ 16} In his Second Assignment of Error, appellant maintains his conviction for rape was not supported by sufficient evidence. We disagree.
 {¶ 17} In considering an appeal concerning the sufficiency of the evidence, our standard is as follows: " * * * [T]he inquiry is, after viewing the evidence in the light most favorable to the prosecution, whether any reasonable trier of fact could have found the *Page 5 
essential elements of the crime proven beyond a reasonable doubt."State v. Jenks (1991), 61 Ohio St.3d 259, 273, 574 N.E.2d 492.
 {¶ 18} The statute under which appellant was indicted, R.C. 2907.02(A)(2), states: "No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force."
 {¶ 19} Appellant contends the physical evidence at the scene failed to establish the "force" element. He challenges the lack of documentation of a broken bedroom door or a picked lock, as well as any evidence that T.W. suffered lacerations or abrasions in her genital area. Appellant also again points out that the examining nurse could not specifically date the age of the bruising on T. W.'s body.
 {¶ 20} However, bearing in mind the victim's detailed recounting of events in this matter, we reiterate that a jury is free to believe all, part, or none of any witness' testimony. State v. Mossburg, Van Wert App. No. 15-06-10, 2007-Ohio-3343, ¶ 46, citing State v. Antill (1964),176 Ohio St. 61, 197 N.E.2d 548. Upon reviewing the evidence in the record in the light most favorable to the prosecution, we hold reasonable triers of fact could have found the essential elements of rape, including the "force or threat of force" aspect, proven beyond a reasonable doubt.
 {¶ 21} Accordingly, appellant's Second Assignment of Error is overruled.
 III. {¶ 22} In his Third Assignment of Error, appellant contends he was deprived of the effective assistance of trial counsel. We disagree.
 {¶ 23} Our standard of review is set forth in Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Ohio adopted this standard in the case of *Page 6 State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373. These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel. First, we must determine whether counsel's assistance was ineffective; i.e., whether counsel's performance fell below an objective standard of reasonable representation and was violative of any of his or her essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different. Id.
 {¶ 24} Trial counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. State v. Sallie (1998), 81 Ohio St.3d 673, 675,693 N.E.2d 267. Furthermore, as an appellate court reviewing a claim of ineffective assistance, we "must keep in mind that different trial counsel will often defend the same case in different manners." State v. Samatar,152 Ohio App.3d 311, 787 N.E.2d 691, 2003-Ohio-1639, ¶ 88.
 {¶ 25} Appellant specifically argues that trial counsel allowed a "forced inconsistency" by stipulating to BCI reports that the semen found in the medical examination of T.W. was appellant's, and then electing not to put appellant on the stand, when appellant had changed his original story to the police that he had not had sex with T.W. at all that week. However, the decision to call or not to call the defendant as a witness is often part of trial strategy, and will generally not constitute ineffective assistance. See State v.Daniels (April 28, 1983), Cuyahoga App. No. 45387. *Page 7 
Furthermore, a reviewing court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. State v.Robinson, Stark App. No. 2004 CA 00320, 2005-Ohio-4843, ¶ 21, citingBradley at 143, 538 N.E.2d 373. Having reviewed the record in its entirety, we find no showing that appellant was prejudiced by trial counsel's defense of the case on the basis asserted in appellant's brief.
 {¶ 26} Appellant's Third Assignment of Error is overruled.
 IV. {¶ 27} In his Fourth Assignment of Error, appellant contends the trial court erred by sentencing him to a "more than minimum" term for rape. We disagree.
 {¶ 28} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Ohio Supreme Court found certain provisions of Ohio's sentencing statute unconstitutional, in light of the United States Supreme Court'sBlakely decision. Accordingly, judicial fact finding is no longer required before a court imposes non-minimum, maximum or consecutive prison terms. State v. Barrett, Ashland App. No. 07COA014, 2008-Ohio-191, ¶ 6. Appellant in the case sub judice was sentenced in the post-Foster era. Because Foster "vest[ed] sentencing judges with full discretion" in sentencing (Foster at ¶ 100), we review felony sentences under an abuse of discretion standard. State v. Coleman, Lorain App. No. 06CA008877, 2006-Ohio-6329. An abuse of discretion implies the court's attitude is "unreasonable, arbitrary or unconscionable." State v.Adams (1980), 62 Ohio St.2d 151.
 {¶ 29} Here, the trial court's sentence of four years in prison on the rape charge (a felony of the first degree) is within the statutory sentencing ranges under *Page 8 
R.C. 2929.14, and as such, is proper. Further, upon review, we find the trial court's sentencing is not unreasonable, arbitrary or unconscionable.
 {¶ 30} Appellant's Fourth Assignment of Error is therefore overruled.
 {¶ 31} For the foregoing reasons, the judgment of the Court of Common Pleas, Licking County, Ohio, is hereby affirmed.
 By: Wise, J., Farmer, P. J., and Delaney, J., concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed. Costs assessed to appellant. *Page 1